HARRIS et al. v. CAMP, District Judge.

(Court of Civil Appeals of Texas. San Antonio. May 29, 1912. Rehearing Denied June 26, 1912.)

1. EXCEPTIONS, BILL OF (§ 40*) — APPEAL AND ERROR (§ 564*)—STATEMENT OF FACTS —TIME FOR FILING.

Under Acts 32d Leg. c. 119, § 7, providing that, when a term of court may by law continue more than 8 weeks, the statement of facts and bills of exception shall be filed within 20 days after final judgment, unless the court, by order entered of record, shall extend the time, an appellant's time to file a statement of facts and bills of exception is not extended by a written agreement between counsel, approved by the trial judge, but not entered of record, that they may be filed after such time, nor by oral representations by appellee's counsel that he had 90 days in which to file.

[Ed. Note.—For other cases, see Exceptions, Bill of, Cent. Dig. §§ 44, 45, 57–64; Dec. Dig. § 40;* Appeal and Error, Cent. Dig. §§ 2501–2506, 2555–2559; Dec. Dig. § 564.*]

2. APPEAL AND ERROR (§ 564*)—STATEMENTS OF FACT—TIME—TIME FOR FILING.

Acts 32d Leg. c. 119, § 7, providing that any statement of facts, filed before the time for filing the transcript in the appellate court expires, shall be considered as filed in time, authorizes the Court of Civil Appeals to consider a statement filed within 90 days; but it does not impose on the trial judge the duty of making or approving within 90 days a statement not filed within the time limited by other provisions of that statute.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2501–2506, 2555–2559; Dec. Dig. § 564.*]

Application for writ of mandamus by Carolina Harris and others against J. L Camp, District Judge. Application denied

J. D. Childs, of San Antonio, for relators Wm. Aubrey, of San Antonio, for respondent

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

JAMES, C. J. This is a petition for the writ of mandamus to require the judge of the Forty-Fifth district court to prepare for filing a statement of facts in a cause which appears to have been duly appealed to this court.

[1] The fall term of 1911, at which the judgment appealed from was rendered, was one authorized by law to continue more than 8 weeks. The statute (Gen. Laws 32d Leg. 1911, p. 266, § 7) enacts: "Provided if the term of said court may by law continue more than eight weeks said statement of facts and bills of exception shall be filed within thirty days after final judgment shall be rendered, unless the court shall by order entered of record in said cause extend the time for filing such statement of facts and bills of exception." This enactment has been construed by the Supreme Court to require, in such a case, that in order to entitle a party to a longer time than 30 days from the final judgment for the preparation and filing of a statement of facts, it must be granted by an order entered of record while the court is in session, though not necessarily at the same term. Pecos & N. T. Ry. Co. v. Cox, 140 S. W. 1078, citing Hamill v. Samuels, 133 S. W. 419. At the term at which this cause was tried an order was entered of record granting 60 days. No other order has been entered of record. On January 12, 1912, during the 60 days, the following agreement was made between counsel and approved by the court:

"Everett G. Graves et al. v. Carolina Harris et al. In Dist. Court 45th Jud. Dist., Bexar County. It is hereby agreed by the attorneys for plaintiffs and defendants that the statement of facts and bills of exception in said cause may be filed back so as to come within the 60 days allowed by the court for filing the same, and that no advantage will be taken by either party by reason of so filing and dating the same back as within the 60 days. Wm. Aubrey, Attorney for Plaintiffs. J. D. Childs, Attorney for Defendants.

"The foregoing agreement is approved by the court this 25th day of January, A. D. 1912. J. L. Camp, Dist. Judge, 45th Jud. Dist."

The above instrument was never entered of record in the cause, nor any order whatever on the subject. We are therefore unable to accord to it the force and effect of extending the time beyond the 60 days.

Applicant's counsel concedes as a fact that, while he prepared a statement during the 60 days, he did not during that time present it to the judge, and he was led to take that course because of insistence of opposing counsel that it would not be necessary to do so, as it could be filed at any time before the time had expired for the filing of the transcript (90 days), and because of the entering into of said agreement. Counsel

should have had the said agreement entered of record, or some order further extending the time. As above stated, we are unable, in view of the terms of the statute, to allow mere agreements of counsel to have the effect of imposing on the judge the duty of making or approving a statement after the time allowed by the entries of record. The whole of applicants' case for the writ of mandamus is based upon the theory that they had 90 days, the time limited for filing a transcript in this court, in which to secure a statement of facts. They were not entitled to such additional time, by reason of said written or other understandings with opposing counsel, nor by reason of any order.

[2] Nor are applicants aided in this matter by the final clause of the act of 1911 (Gen. Laws 1911, p. 266), which states: "Provided that any statement of facts filed before the time for filing the transcript in the appellate court expires shall be considered as having been filed within the time allowed by law for filing same." This would seem to be authority for us to consider a statement actually filed within 90 days; but here none has been filed. Such provision does not impose on the trial judge the duty of making or approving one presented to him after the time granted for that purpose has expired.

Our conclusion is that, there being no duty imposed by law on the trial judge to act in reference to the filing of a statement of facts after the 60 days had expired, the petition for mandamus filed on the ninetieth day cannot be granted.

Application denied.