TYLER v. SOWDERS et al. (No. 5437.)

(Court of Civil Appeals of Texas. Austin. Dec. 23, 1914.)

1. APPEAL AND ERROR (§ 621*)—STATEMENT OF FACTS—TIME FOR FILING.

Under Acts 32d Leg. c. 119, § 7 (Vernon's Sayles' Ann. Civ. St. 1914, art. 2073), providing that any statement of facts filed before the time for filing the transcript in the appellate court expires shall be considered as filed within the time allowed by law, and irrespective of Courts of Civil Appeals rule 8 (142 S. W. xi), relating to motions as to informalities in bringing a case into court, a statement of facts on appeal from a final judgment rendered April 23d, not filed within the 60 days granted for the filing of a statement of facts and bills of exception, but before expiration of the time for filing the transcript in the Court of Civil Appeals, was duly filed; but the bills of exception did not fall within such rule.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2724–2731; Dec. Dig. § 621.*]

2. APPEAL AND ERROR (§ 655*)—BILLS OF EXCEPTIONS—TIME FOR FILING.

Under Courts of Civil Appeals rule 8 (142 S. W. xi), providing that motions as to informalities in bringing a case into court shall be filed and entered within 30 days after the filing of the transcript, or else waived, if they can be waived, a motion to strike out bills of exceptions, not filed within 30 days after the filing of the transcript containing the exceptions in the Court of Civil Appeals, was waived; the question not being jurisdictional.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2823–2825; Dec. Dig. § 655.*]

Appeal from Milam County Court; John Watson, Judge.

Action between John Tyler and J. T. Sowders and others. Judgment for Sowders and others, and Tyler appeals. On motion to strike out statement of facts and bills of exceptions. Motion denied.

E. A. Camp, of Rockdale, for the motion. W. A. Barlow, of Taylor, opposed.

RICE, J. Appellee Sowders has filed a motion to strike out the statement of facts and bills of exceptions in this case, on the ground that the same were not filed in the trial court within the time prescribed by law. Final judgment in this case was rendered in the trial court on the 23d day of April, 1914. Motion for new trial was overruled on the 25th of April thereafter, on which last date the court adjourned for the term. Supersedeas bond was filed and approved on May 11, 1914. An order was entered on the day of adjournment granting 60 days within which to prepare and file statement of facts and bills of exceptions herein; but the statement of facts and bills of exceptions were not approved and ordered filed by the court until the 15th of July and not actually filed herein until the 16th of July, 1914. The transcript of the record, however, which contained the bills of exception, was taken out on the 30th of July, 1914, and it, together with the statement of facts, was filed in this court on the 4th of August, 1914. Appellant contends, however, that notwithstanding the statement of facts and bills of exceptions were filed after the expiration of the 60 days granted by the court in which to file the same, yet, having been filed in this court within 90 days from the perfecting of the appeal herein, and no motion having been made to strike them out for such failure until the 30th of November, 1914, they should be considered by this court for all purposes of this appeal.

[1, 2] So far as the statement of facts is concerned we think, irrespective of rule No. 8 (142 S. W. xi), relied on by counsel for appellant, that the same was duly filed, because by the last sentence in section 7 of the Acts of the 32d Legislature, chapter 119, p. 266 (Vernon's Sayles' Civil Stats. art. 2073), it is provided that:

"Any statement of facts filed before the time for filing the transcript in the appellate court expires shall be considered as having been filed within time allowed by law for filing same."

And this has been sustained by the case of Louisiana Rio Grande Canal Co. v. Quinn, 160 S. W. 151, as well as by the cases of Criswell v. Robbins, 152 S. W. 210, and Witherspoon v. Crawford, 153 S. W. 633. But the above cases hold, however, that so far as the bills of exceptions are concerned they do not fall within the rule applicable to statements of facts. If it be conceded that such statute does not apply to bills of exceptions, yet we are inclined to think that appellant's contention is correct under rule 8, which prescribes that:

"All motions relating to informalities in the manner of bringing a case into court shall be filed and entered by the clerk on the motion docket within 30 days after the filing of the transcript in the Court of Civil Appeals, otherwise the objection shall be considered as waived, if it can be waived by the party."

The question involved is not jurisdictional, hence one that could be waived by appellee. His failure to file the motion to strike out within 30 days after the case was filed and docketed here by the clerk is regarded by us as a waiver of his right to insist upon a motion to strike out at this time.

For the reasons above stated, the motion to strike out the statement of facts and bills of exceptions is refused.

Motion overruled.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes