DOBIE et al. v. SCOTT, District Judge.
(No. 5736.)

(Court of Civil Appeals of Texas. Austin. June 10, 1916. Rehearing Denied July 1, 1916.)

1. MANDAMUS ⬿57(1)—WHEN PROPER—OFFICIAL DUTY.

The power of an appellate court to compel a judge of an inferior court to prepare a statement of facts should not be exercised, unless it is made to appear that it was the duty of such judge to prepare a statement of facts.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 114, 115, 117–120; Dec. Dig. ⬿57(1).]

2. STATUTES ⬿206—CONSTRUCTION.

In construction of statutory law, every portion of the statute and all of its language shall be given effect, if possible.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 283; Dec. Dig. ⬿206.]

3. STATUTES ⬿208—CONSTRUCTION.

Subject-matter and entire context of statute are to be considered in construing it.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 285; Dec. Dig. ⬿208.]

4. APPEAL AND ERROR ⬿557, 564(3)—PREPARATION OF RECORD — DUTIES OF TRIAL JUDGE.

Acts 32d Leg. c. 119, § 7 (Vernon's Sayles' Ann. Civ. St. 1914, art. 2073), as to perfecting record on appeal, does not impose upon the trial judge the absolute duty, either to extend the time for filing, or to approve a statement of facts, if found correct, or, if not, to prepare one himself, after 30 days after adjournment, but vests in him the discretion to do as he chooses, which cannot be controlled by any other court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2480–2482, 2503, 2556; Dec. Dig. ⬿557, 564(3).]

5. APPEAL AND ERROR ⬿564(5)—PREPARATION OF RECORD—DUTIES OF TRIAL JUDGE.

Discretion being in the trial judge as to allowing statement of facts filed after 30 days after adjournment, it is immaterial whether parties acted with all possible diligence, if the statement was offered too late.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2504–2506, 2558, 2559; Dec. Dig. ⬿564(5).]

---

⬿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Original application for mandamus by J. M. Dobie and others against J. C. Scott, District Judge. Application refused.

Gordon Bullitt, of San Antonio, for relators. Perry & Woods, of Franklin, for respondent.

KEY, C. J. Relators, J. M. Dobie and others, have made application to this court for the issuance of a writ of mandamus to compel respondent, Hon. J. C. Scott, judge of the Twentieth judicial district, to approve a statement of facts presented to him by relators, if found to be correct, and, if not so found, to prepare and approve a correct statement of facts for use by relators on their appeal in a certain cause, which they have properly appealed to this court. Respondent has filed an answer, which raises other questions besides the one discussed in this opinion; but, as the latter question is decided against relators, we deem it unnecessary to consider the other matters which relate to the question of diligence.

The following facts are undisputed: An order was entered upon the minutes of the district court allowing 60 days after adjournment within which to prepare and file a statement of facts and bills of exception. Relators prepared a statement of facts and presented it to the attorneys on the opposite side within the time allowed by the order mentioned, and they declined to approve the same. Thereafter, but 16 days after the expiration of the time fixed by the order referred to, relators presented their statement of facts, properly certified to by their attorney, to respondent, who declined to consider same, because it was presented to him too late; and on the same day relators presented to respondent a written application for a further extension of time for preparing and filing a statement of facts, which application respondent refused to grant.

[1-4] While an appellate court has the power to compel a judge of an inferior court to prepare a statement of facts, when it is shown that it was his duty to do so, and that he has failed to perform that duty, nevertheless, such power should not be exercised unless it is made to appear that it was the duty of such judge to prepare a statement of facts. As we understand relator's counsel, he concedes the correctness of the propositions stated, but contends that the duty referred to was imposed upon respondent by the seventh section of the act of the Thirty-Second Legislature (Vernon's Sayles' Ann. Civ. St. 1914, art. 2073) providing for the appointment of official stenographers, and the method of making up and filing statements of facts and bills of exception, approved March 31, 1911. The section referred to reads as follows:

"Sec. 7. When an appeal is taken from the judgment rendered in any cause in any district or county court, the parties to the suit shall be entitled to any (and) they are hereby granted thirty days after the day of adjournment of court in which to prepare or cause to be prepared, and to file a statement of facts and bills of exception; and upon good cause shown, the judge trying the cause may extend the time in which to file a statement of facts and bills of exception: Provided, that the court trying such cause shall have the power in term time or vacation, upon the application of either party, for good cause, to extend the several times as hereinbefore provided for the preparation and filing of the statement of facts and bills of exception, but the same shall not be so extended so as to delay the filing of the statement of facts, together with the transcript of record, in the appellate court within the time prescribed by law, and when the parties fail to agree upon a statement of facts, and that duty devolves upon the court, the court shall have such time in which to do so, after the expiration of thirty days, as hereinbefore provided, as the court may deem necessary, but the court in such case shall not postpone the preparation and filing of same, together with the transcript of the record, in the appellate court within the time prescribed by law: Provided, if the term of said court may by law continue more than eight weeks, said statement of facts and bills of exception shall be filed within thirty days after final judgment shall be rendered, unless the court shall by order entered of record in said cause extend the time for filing such statement and bills of exception: Provided, further, that when the parties fail to agree upon a statement of facts, the judge shall not be required to prepare such statement of facts, unless the party appealing, by himself or attorney, within the time allowed for filing, shall present to the judge a statement of facts, and shall certify thereon, over his signature, that to the best of his knowledge and belief, it is a full and fair statement of all the facts proven on the trial: Provided, that any statement of facts filed before the time for filing the transcript in the appellate court expires, shall be considered as having been filed within time allowed by law for filing same."

Counsel for relators contends that, inasmuch as the last sentence in that section declares "that any statement of facts filed before the time for filing the transcript in the appellate court expires shall be considered as having been filed within time allowed by law for filing same," it is the duty of the trial judge to consider a statement of facts presented to him at any time before the expiration of the time for filing the transcript in the appellate court, unless it be presented too late to allow time for its proper consideration. We cannot approve that construction of the statute, because it would render nugatory and of no effect every portion of that section which precedes the last sentence. It is a well-established rule of construction of statutory law that, if possible, every portion of the statute and all of its language shall be given effect. In construing this statute that rule can be complied with by holding that it was the legislative intent that the trial judge should have the absolute right to fix a time limit after which he would not consider a statement of facts presented to him or prepare one himself; in other words, that he should have the discretion to refuse to consider the matter of making up a statement of facts after the 30 days allowed by the statute, but should have

authority, if he chose to exercise it, to make or approve a statement of facts after the time allowed by the statute or by an order made by him, but that he should not be compelled to do so. All statutes that have been enacted with reference to the extension of time for filing statements of facts have declared that the court or judge may extend the time, and none of them has used the word "shall," which indicates that it was the legislative purpose to leave the matter absolutely to the discretion of the judge.

We are aware of the fact that the use of the word "may," instead of "shall," does not in all instances determine whether the statute should be construed as mandatory or discretionary. The subject-matter of the legislation and the entire context of the statute are also to be considered; but their consideration in this instance tends to support the construction that the statute here involved, in authorizing the trial court or judge to extend the time and to approve or make a statement of facts after the expiration of the time fixed, was not intended to be mandatory. For instance, as heretofore pointed out, if the last sentence in section 7, which authorizes the filing of a statement of facts at any time within the time prescribed for filing the transcript in the appellate court, should be construed as making it compulsory upon the trial judge to approve or make a statement of facts after the expiration of the time fixed by him for that purpose, then it would be a useless ceremony to obtain an order granting an extension of time, and the result would be that, without asking for such extension, the party appealing could compel the trial judge, after the expiration of the 30 days fixed by a preceding portion of section 7, to approve or prepare a statement of facts. Furthermore, no reason is perceived why the statute in question does not apply to cases carried up by writ of error, in which event at least one year would be allowed in which to file the transcript in the appellate court. Now, is it reasonable to suppose that, when the Legislature did not specifically so declare, it nevertheless was their intention to absolutely require trial judges, when applied to 11 months after the case was tried, to prepare a statement of facts? We do not think so. The difficulties involved in the performance of such a duty, after the lapse of such a period of time, and the interference which might result in the performance of other official duties, require · a holding

that, in the absence of a statute specifically so declaring, such duties have not been imposed upon trial judges.

The case nearest in point to which our attention has been called is Harris et al. v. Camp, District Judge, 148 S. W. 597, decided by the San Antonio Court of Civil Appeals. Like this case, that was a petition for a writ of mandamus to require a trial judge to prepare a statement of facts. The application was refused, and, among other things, the court said:

"Nor are applicants aided in this matter by the final clause of the act of 1911 (Gen. Laws 1911, p. 266), which states: 'Provided that any statement of facts filed before the time for filing the transcript in the appellate court expires shall be considered as having been filed within the time allowed by law for filing same.' This would seem to be authority for us to consider a statement actually filed within 90 days; but here none has been filed. Such provision does not impose on the trial judge the duty of making or approving one presented to him after the time granted for that purpose has expired."

Counsel for relators contends that the Harris Case is distinguishable from this case, because of the fact that the application to the trial judge to prepare the statement of facts was not made until the last day for filing the transcript, and therefore there was a lack of diligence. It may be true that the action of the appellate court in refusing to grant the writ of mandamus could have been based solely upon the ground referred to; but it seems that that court preferred to rest its decision upon the other ground, which is the construction which we place upon the statute. So our conclusion is that the statute in question did not impose upon respondent the absolute duty, either to further extend the time or to approve relators' statement of facts, if found correct, and, if not, to prepare one himself, and that, while he had the discretion so to do, if he saw proper, that discretion was vested absolutely in him, and is not subject to control by this or any other court.

[5] This renders it unnecessary to pass upon the question of diligence upon the part of relators in the preparation and presentation of their statement of facts, because we hold that the trial judge's discretion in · granting or refusing an extension of time, and in refusing to act after the expiration of the time fixed by him, is not subject to review or control by this court, even if it be conceded that relators have exercised all possible diligence.

Application refused.