HOFF et ux. v. CLARK.   (No. 5931.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 2, 1918. Rehearing Denied Jan. 30, 1918.)

1. APPEAL AND ERROR ☞557—PREPARATION OF RECORD—DUTY OF TRIAL JUDGE.
   Defendants having been granted 30 days after adjournment of court in which to file a statement of facts, where a request for the court to make the statement was not presented within 30 days, the court could not be required to make such statement, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 2073, providing that the judge shall not be required to prepare a statement of facts, unless a request therefor is presented within the time allowed for filing.

2. PROCESS ☞38 — CITATION — NOTATION OF DATE OF ISSUE.
   Notation by the clerk of date of issue of citation upon the back thereof was sufficient, within Vernon's Sayles' Ann. Civ. St. 1914, art. 2180, requiring the date of issuance to be noted on the same; the statute not requiring that the date of issuance be in the body of the citation or on its face.

3. PROCESS ☞34 — ESSENTIALS — STATEMENT OF ACTION.
   Vernon's Sayles' Ann. Civ. St. 1914, art. 1852, specifying what citation shall contain, does not require the setting out of a detailed statement of the cause of action.

4. APPEAL AND ERROR ☞544(2) — FINDINGS OF TRIAL COURT—REVIEW.
   Findings of the trial court will not be disturbed, in the absence of a statement of facts.

Appeal from District Court, Aransas County; F. G. Chambliss, Judge.

Suit by George R. Clark against Chas. F. Hoff and wife. Judgment for plaintiff, and defendants appeal. Affirmed.

John B. Eddins, of Rockport, and Wm. H. Russell, of San Antonio, for appellants. W. H. Baldwin, of Rockport, for appellee.

SWEARINGEN, J. Appellee, G. R. Clark, sued Chas. F. Hoff and wife, Helen E. Hoff, to recover judgment for the amount evidenced by the promissory note made by appellants and to foreclose a lien evidenced by a deed of trust executed by appellants. Both of appellants were duly notified by proper process to appear and answer the suit on September 4, 1916. Both appellants made default. On the 6th day of February, at an ensuing term of the court, judgment was rendered for appellee for the sum of $1,406.90, which was the amount of principal, interest, and attorney's fees. Appellants' motion for a new trial, pre-

sented within two days after the rendition of the decree, was overruled on February 13, 1916. The term of court ended February 15, 1916.

In the order overruling the motion for new trial, appellants were granted thirty days after the adjournment of court within which to file statement of facts. On the ——— of May, nearly 90 days after the adjournment of court, for the first time appellants presented a statement of facts signed and certified to by their attorneys and requested the court to prepare the statement of facts because counsel could not agree upon a statement. No statement was made by the court, and none agreed to by the attorneys. The court, upon request of appellants, filed its conclusions of fact and law, to which no exception was taken.

[1] Appellants' first assignment urges that they were wrongfully deprived of a statement of facts, by the court's failure to prepare and file one. Had the appellants requested the court to prepare the statement within the 30 days after the adjournment of court, the duty then would have devolved upon the court to make the statement; but since the request for the court to make the statement was not presented to the court within the 30 days, but for the first time nearly 90 days after the adjournment of court, the court could not be required to make the statement. The statute very clearly makes this rule. V. S. C. St. art. 2073; Dobie v. Scott, 188 S. W. 286; Harris v. Camp, 148 S. W. 597. The first assignment is overruled.

[2] By the second assignment it is contended that the citation is not sufficient to support the judgment, because the clerk noted the date of its issuance on the back of the citation and not upon its face. V. S. R. C. St. art. 2180, does not require the date of issuance to be in the body of the citation nor on its face. All required is that the clerk officially note on the citation as evidence of the time when the citation was delivered by the proper official to the officer for service on the defendants. The notation must be made on the citation by the clerk; if not, the citation would not support the judgment, for the statute is mandatory, and must be strictly observed. In this case the date of issuance was noted on the citation. In the case of Pruitt v. State, 92 Tex. 434, 49 S. W. 366, relied upon by appellants to support this assignment, the court held that a clerk's notation on the back of a petition was no part of the petition filed by the plaintiff in the suit. This ruling has no bearing upon the question here presented, because the statute does not require the clerk's notation of issuance of service to be a part of the citation, but only requires that the clerk note the date of issuance on the citation. In the very nature of things the notation could not be a part of the citation, which must be complete in itself before it can be issued, the issuance being necessarily of the completed instrument and subsequent to its completion. The second assignment is overruled.

The third assignment is overruled, because the citation sufficiently states the nature of plaintiff's demand.

[3] There is no merit in the fourth assignment, because the citation stated the nature of plaintiff's demand, which complied strictly with the statute. Article 1852. A detailed statement of the cause of action is not required to be set out in the citation. If the defendants reside outside the county where the suit is filed, as in this case, a copy of the petition is required to accompany the citation. This requirement was complied with, and gave appellants a full statement of the cause of action.

[4] The fifth and sixth assignments are overruled, because the findings of fact by the trial court were not excepted to, and, even had they been excepted to, could not be considered, because there is no statement of facts before us, under which circumstances the finding of the trial court cannot be disturbed.

The judgment is affirmed.