## EARLY–FOSTER CO. v. MID–TEX MILLS et al.   (No. 6445.)

(Court of Civil Appeals of Texas. Austin. July 2, 1921.)

1. Appeal and error ⏤811—Appeal from dissolution of preliminary injunction not advanced when permanent injunction also denied.

Rev. St. art. 4646, providing for the advancement of appeals in cases in which a temporary injunction is dissolved, had no application, where at the time of dissolving the temporary injunction the court also heard evidence and passed on the merits of the application for a permanent injunction and denied such injunction.

2. Appeal and error ⏤564(2)—Statement of facts filed before time for filing transcript had expired held in time.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1608, requiring the transcript to be filed with the clerk of the Court of Civil Appeals within 90 days from the service of the writ of error, and article 2073, providing that any statement of facts filed before the time for filing the transcript expires shall be considered as filed within the time allowed by law, where the transcript was filed as required, a statement of facts filed before the expiration of 'the time for filing the transcript was filed in time, though not presented to opposing counsel or to the court within 100 days after the court's adjournment.

Error from District Court, McLennan County; H. M. Richey, Judge.

Suit by the Early-Foster Company against the Mid-Tex Mills and others. Judgment for defendants, and plaintiff brings error. On motions to advance and to strike the statement of facts. Both motions overruled.

See, also, 208 S. W. 224.

Winbourn Pearce, of Temple, and A. L. Curtis, of Belton, for the motions.

PER CURIAM. [1] Defendants in error have filed a motion to advance this cause and set the same for submission. The motion treats this as a case entitled to advancement under article 4646, Revised Statutes, relating to appeals in cases wherein a temporary injunction may be granted, refused, or dissolved. The record discloses that a preliminary writ of injunction had been issued, which was dissolved by the final decree; but it is further shown that the court at the same time heard evidence upon the application for a permanent writ of injunction, and passed upon the merits of the application for a permanent writ, which was denied. This being the situation, we are of the opinion, as we have heretofore held, that the statute invoked has no application.

No other grounds deemed sufficient are urged for the advancement of the cause, and the motion is therefore overruled.

[2] Defendants in error have also filed a motion to strike out the statement of facts, upon the ground that it was not filed in accordance with law or the rules of this court, or within the time prescribed by law. The court adjourned about the 6th day of February, 1921, and the statement of facts was not filed here until June 6, 1921. It further appears that no statement of facts was presented to opposing counsel, or to the court, for more than 100 days after the adjournment of the court; and the trial judge qualified the statement of facts to the effect that he was only ordering the same filed below that it might be sent up with the record, for such action as this court might deem proper.

In view of the provisions of articles 1608 and 2073, Vernon's Sayles' Civil Statutes, we think the motion should be denied. Article 1608 provides that the plaintiff in error shall file the transcript with the clerk of the

---

⏤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Court of Civil Appeals within 90 days from the service of the writ of error. The record discloses that this was done. Article 2073 contains this proviso:

"Provided that any statement of facts filed before the time for filing the transcript in the appellate court expires, shall be considered as having been filed within the time allowed by law for filing same."

The statement of facts having beén filed here before the time for filing the transcript expired by law, the effect of the latter article is that it has been filed in time. For the reasons indicated, this motion also is overruled.

Motions overruled.