**FORT WORTH & D. C. RY. CO. v. CARPENTER et al. (No. 2220.)**

(Court of Civil Appeals of Texas. Amarillo. Nov. 28, 1923. Rehearing Denied Jan. 2, 1924.)

**Appeal and error** ⊙⟫564(3)—**Approval of statement of facts held discretionary.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1608, allowing 90 days for the filing of a transcript, and article 2073, allowing 30 days after adjournment for preparation and filing of a statement of facts. but providing also that a statement of facts filed within the time allowed for filing of a transcript shall be considered as having been filed within the time allowed by law, approval of a statement of facts filed after the 30 days or additional time allowed therefor, though within 90 days allowed for the filing of a transcript is discretionary with the court.

Appeal from Motley County Court; C. L. Glenn, Judge.

Action by D. C. Carpenter and others against the Fort Worth & Denver City Railway Company. Judgment for plaintiffs and defendant appeals. On motion of defendant to reverse and remand the case because of failure and refusal of the trial court to prepare and file a statement of facts, or in the alternative that mandamus issue requiring the preparation of such statement of facts. Motion overruled as to both forms of relief sought, and appeal dismissed.

Marshall & Perkins, of Quanah, and Thompson, Barwise, Wharton & Hiner, of Fort Worth, for appellant.

E. R. Surles and G. E. Hamilton, both of Matador, for appellees.

RANDOLPH, J. This case is before this court on a motion by appellant to reverse and remand the case because of the failure and refusal of the trial judge to prepare and file a statement of facts after attorneys had failed to agree to such statement, or, in the alternative, that mandamus issue compelling

───────────

⊙⟫For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and requiring said trial judge to prepare and file such statement of facts. Judgment having been rendered in the trial court against appellant, motion for new trial made, overruled, and notice of appeal given as required by law, the trial court adjourned February 3, 1923. Having filed its appeal bond appellant prepared in duplicate a statement of facts and presented it to attorneys for appellees for their approval on April 30, 1923. After various communications between attorneys for appellants and appellees, and the failure to agree on a statement of facts by the parties, counsel for appellant presented to the trial judge, after the expiration of 30 days from the adjournment of court, but before the expiration of the 90 days allowed by law from the date of the filing of the appeal bond, for the filing of transcript in the appellate court (appeal bond was filed on the 23d of February, 1923), a statement of facts certified to by them, as required by law, with the request that he (the trial judge) prepare and file a statement of facts in the case. This he refused to do, attaching to such statement of facts tendered him his declination as follows:

"I decline to approve the attached statement of facts. This the 17th day of May, 1923. C. L. Glenn, County Judge."

The statement of facts not having been presented to the trial judge within the 30 days from and after the adjournment of the term of the court at which the case was tried, it was a matter entirely within his discretion as to whether or not he would approve it.

Article 1608, Vernon's Sayles' Civil Statutes of Texas, provides that the appellant or plaintiff in error shall file the transcript with the clerk of the Courts of Civil Appeals within 90 days from the performance of the appeal or service of the writ of error. Article 2073, same statutes, regulates the time for preparing and filing statements of facts, etc., by providing that parties are granted 30 days after the adjournment of court in which to prepare or cause to be prepared, and to file a statement of facts, and also provides that for good cause shown the court may extend the time in which to prepare such statement of facts, and also provides that any statement of facts filed before the time for filing the transcript in the appellate court expires shall be considered as having been filed within the time allowed by law for filing same.

It will be observed that these articles are inconsistent unless they are given the construction that the approval of a statement of facts, after the expiration of 30 days from and after the adjournment of court by the trial judge, is a matter of discretion to be exercised by him. This statement is also intended to cover such extension of time in addition to the 30 days which may have been granted by the trial judge for good cause shown.

We find no cases from our Texas courts in conflict with this holding. It is true that, when the trial court has exercised its discretion, and has approved a statement of facts presented to him after the expiration of the 30 days, from and after the adjournment of his court, or after the expiration of any extension granted by him, then such statement of facts will come within the provisions of this act if filed in the appellate court within the time for the filing of the transcript in such court.

In the case of Broderick & Bascom Rope Co. v. Waco Brick Co. (Tex. Civ. App.) 150 S. W. 600, after entry of a judgment record nunc pro tunc, and within the statutory time dating from the entry of the nunc pro tunc order, the trial judge declined to prepare a statement of facts because the statement presented to him was only partial, and, further, he could not, at the time, sufficiently remember the evidence to prepare a statement of facts, and counsel for the appellees failed and neglected to present a statement of facts at any time, and the trial court therefore refused to prepare such statement. This was held error, and the cause was reversed and remanded.

In the case of the City of Aransas Pass v. Eureka Fire Hose Mfg. Co. (Tex. Civ. App.) 227 S. W. 330, the court held that article 2073 applied as well to the suing out of a writ of error as to an appeal, and that a statement of facts filed with the approval of the district judge was properly filed in the appellate court when it was filed within the time for the filing of the transcript in such appellate court.

In the case of Martin v. Martin (Tex. Civ. App.) 229 S. W. 695, it appears that the time had been so extended that the presentation of the statement of facts to the trial judge was within the extended time; hence it was error for him to refuse to prepare a statement of facts.

The Austin Court of Civil Appeals, in the case of Early-Foster Co. v. Mid-Tex Mills et al., 232 S. W. 1117, held that, under articles 1608 and 2073, where a statement of facts was not filed for more than 100 days after the adjournment of court, yet was filed within the 90 days from the service of the writ of error, a motion to strike out should be overruled. From the facts presented in the opinion in that case it appears that the trial court had exercised its discretion in ordering a statement of facts filed.

Sustaining our position in this matter we cite Harris v. Camp (Tex. Civ. App.) 148 S. W. 597; Dobie v. Scott (Tex. Civ. App.) 188 S. W. 286; Hoff v. Clark (Tex. Civ. App.) 200 S. W. 431. The Supreme Court denied

writs of error in each of these last cited cases.

We therefore overrule appellant's motion to reverse and remand the case, and also overrule appellant's motion for mandamus to issue to compel the county judge, the trial judge, of Motley county, to prepare and file a statement of facts, and under this ruling we also dismiss the appeal in this cause.