**COMMISSIONERS' COURT OF HENDERSON COUNTY v. BURK.** (No. 8442.)

. (Court of Civil Appeals of Texas. Dallas. Nov. 30, 1923.)

**Appeal and error** ⚖=811—**Statute relating to advancement of certain cases pending on appeal inapplicable to appeal from final judgment perpetuating injunction; "such case."**

Complete Texas St. 1920, or Vernon's Sayles' Ann. Civ. St. 1914, art. 4646, providing that "such case shall be advanced in the Court of Civil Appeals or Supreme Court on motion of either party," etc., refers to cases mentioned in article 4644, Vernon's Ann. Civ. St. Supp. 1922, in which appeals are allowed from orders granting, refusing, dissolving, or refusing to dissolve temporary injunctions, and does not apply to a final judgment perpetuating a temporary injunction.

Injunctive suit between the Commissioners' Court of Henderson County and W. E. Burk. From a judgment for the latter, the former appeals. On motion to advance cause for hearing over other cases pending in the Court of Civil Appeals. Motion overruled.

E. A. Landman, Sam Holland, and W. D. Justice, all of Athens, for the motion.

VAUGHAN, J. Appellant, on the 14th of November, 1923, filed in this court its motion to advance this cause for hearing over other cases pending in this court, on the following grounds, viz.:

"(1) Because this is an injunction case which involves construction of a statute empowering the commissioner's court to transfer a surplus of funds remaining at the end of each year in any constitutional fund wherein taxes have been levied and assessed.

"(2) Because article 4646 of the Revised Statutes of the state of Texas (Vernon's 1920) provides that an injunction case shall be advanced in the Court of Civil Appeals or Supreme Court on motion of either party, and shall have priority over other cases pending in such courts."

Article 4646, Id., is as follows:

"Such case shall be advanced in the Court of Civil Appeals or Supreme Court on motion of either party, and shall have priority over other cases pending in such courts."

Use of the words "such case" as contained in article 4646, Id., refers to cases mentioned in article 4644, Id., in which appeals are allowed to this court from orders entered in injunction proceedings, said article reading in part as follows:

"Any party or parties to any civil suit wherein a temporary injunction may be granted or refused or having been granted shall on motion be dissolved, or when motion to dissolve has been overruled, under any of the provisions of this title [referring to title 69], in term time or in vacation, may appeal from the order or judgment granting or refusing, or dissolving or refusing to dissolve such injunction, to the Court of Civil Appeals having jurisdiction of such appeal."

This article only includes interlocutory orders entered in temporary injunction proceedings, and does not include final judgments rendered in causes perpetuating a temporary writ of injunction theretofore granted, and, as the right to advance a cause under article 4646 is limited to the particular class of orders, viz. temporary or interlocutory orders, entered in accordance with the terms of article 4644, same cannot be extended so as to embrace a final judgment rendered in a cause perpetuating a temporary writ of injunction; such being the proceedings as disclosed by the judgment rendered in this cause. Early-Foster Co. v. Mid-Tex Mills (Tex. Civ. App.) 232 S. W. 1117.

Of course there may be other grounds upon which motion to advance may be properly based, and, if such grounds should exist, this order refusing the motion as filed will not preclude a motion on such other grounds from being filed and considered.

The motion as filed to advance is therefore overruled.

---

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes