## WALL v. GUEST.  (No. 3157.)

(Court of Civil Appeals of Texas.   Texarkana.
Dec. 24, 1925.)

**Appeal and error ⬉564(2)—Refusal of trial court to. file statement of facts on timely request held to require reversal.**

Where appellant prepared and presented to appellee a statement of facts to which the latter refused to agree, which fact was made known to the trial court when it overruled appellant's motion for a new trial, made more than 30 days after rendition of judgment, refusal of trial court to file statement of facts upon request made immediately after entry of order overruling motion, and before expiration of time for filing transcript in Court of Civil Appeals, *held* not warranted under Rev. St. 1911, art. 2073.

Appeal from Upshur County Court; S. I. Moughon, Judge.

Action between J. W. Wall and D. M. Guest. Judgment for the latter, and the former appeals.  Reversed and remanded.

C. E. Florence, of Gilmer, for appellant.
W. R. Stephens, of Gilmer, for appellee.

HODGES, J.  This appeal is from a judgment of the county court of Upshur county, rendered on appeal from the justice court. The principal ground for reversal relied on is the refusal of the trial judge to make up and file a statement of facts.

The record shows that the case was tried and a judgment rendered in the county court on May 28, 1925.  A motion for a new trial was filed and overruled on July 18 following, more than 30 days after the rendition of the judgment.  On the same day, and after the order overruling the motion for a new trial was entered, counsel for appellant requested an order allowing 30 days in which to prepare and file a statement of facts. This was refused by the trial court, upon the ground that the time for filing the statement of facts and bills of exception had expired.  It appears from the record that the term of court might continue longer than 8 weeks, and the trial judge held that under the provisions of article 2073, Revised Civil Statutes of 1911, the appellant was allowed only 30 days after the rendition of the final judgment within which to file bills of exception and a statement of facts.  It is also shown that counsel for appellant had prepared and presented to the counsel for the appellee a statement of facts to which the latter refused to agree; that on July 18 that fact was made known to the court, with the request that the court make up and file a statement of facts.  This request was refused for the reasons previously stated.

The question of law is, Did the court have the power, at the time the request was made

for the preparation and filing of a statement of facts, to prepare and file a statement of facts?  We are of the opinion that he had. It is true, as held by the Supreme Court in Foster v. Bourgeois, 113 Tex. 489, 259 S. W. 917, the period of limitation within which a statement of facts and bills of exception must be filed begins to run from the rendition of the final judgment, and not from the time of the overruling of the motion for a new trial. But, even under that construction of the article of the statute above referred to, it has been repeatedly held that a statement of facts, filed any time before the time of the filing of the transcript in the Court of Civil Appeals expires, is filed within the time allowed by law.   Early-Foster Co. v. Mid-Tex. Mills et al. (Tex. Civ. App.) 232 S. W. 1117; City of Aransas Pass v. Eureka Fire Hose Mfg. Co. (Tex. Civ. App.) 227 S. W. 330; Mc-Lane v. Haydon et al. (Tex. Civ. App.) 178 S. W. 1197; Tyler v. Sowders et al. (Tex. Civ. App.) 172 S. W. 205.

We are of the opinion that the refusal of the court to file a statement of facts upon the request of counsel was an error, for which the judgment should be reversed and the cause remanded, and it is accordingly so ordered.