**LUDTKE et al. v. WARREN et al.
(No. 3241.)**

(Court of Civil Appeals of Texas. Texarkana.
April 22, 1926.)

**1. Appeal and error ⟨=544(1).**

Whether court erred in failing, on request, to make and file statement of facts after parties could not agree cannot be reviewed, in absence of bill of exception.

**2. Appeal and error ⟨=613(1).**

Purported bill of exception in transcript will not be considered, where it does not appear from clerk's certificate to be properly part thereof.

**3. Appeal and error ⟨=567(1).**

Failure of trial court to comply with parties' request to make and file statement of facts *held* not to entitle them to reversal of judgment, where such request was made more than 90 days after citation was served, in view of Vernon's Sayles' Ann. Civ. St. 1914, arts. 1608, 2073.

---

⟨=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Error from District Court, Harris County; W. E. Monteith, Judge.

Action between W. F. Ludtke and others and John B. Warren and others, in which the former brought error to review the judgment. Affirmed.

Hill & Harvey, of Houston, for plaintiffs in error.

Harry Holmes, John M. Cobb, and John B. Warren, all of Houston, for defendants in error.

WILLSON, C. J. The trial resulting in the judgment complained of (rendered November 6, 1924) was before W. S. Monteith, judge of one of the Harris county district courts. The petition and bond for the writ of error were filed with the clerk of the court April 24, 1925, and the citation thereon was served April 25, 1925. July 27, 1925, the parties having failed to agree on a statement of facts, and the judge who tried the case not then being in Harris county, plaintiffs in error presented a statement of facts they had prepared to Roy F. Campbell, the presiding judge of said district courts, and requested him to make and file a correct statement of the facts proven at the trial. The failure of Judge Campbell to comply with that request is the ground upon which a reversal of the judgment is sought.

[1, 2] The question as to whether such failure was error or not cannot be reviewed by this court in the absence of a bill of exceptions presenting the matter. Gaddis v. Mayfield (Tex. Civ. App.) 239 S. W. 1010, and authorities there cited. What purports to be such a bill is in the transcript sent to this court, but it cannot be considered, because it does not appear from the clerk's certificate to said transcript to be properly a part thereof.

[3] The law (article 1608, Vernon's Sayles' Statutes) required plaintiffs in error to file the transcript in the court of civil appeals within 90 days from the time the citation was served, to wit, said April 25, and it required the statement of facts to be filed in the court below within said 90 days (article 2073, Vernon's Sayles' Statutes). The transcript was filed in the Court of Civil Appeals July 27, 1925, which was after the expiration of 90 days from said April 25. It appears from a motion for certiorari to perfect the record filed by plaintiffs in error April 8, 1926, and overruled because not filed within the time required by rules 8 and 11 for the government of Courts of Civil Appeals, that the request to Judge Campbell to make and file a statement of facts was not made until said July 27, 1925, which was after the expiration of the time allowed for filing such a statement in the court below. Under the circumstances stated, if the bill of exceptions presenting the question was properly in the record so as to entitle us to consider it, we would hold that the failure of appellants to obtain a statement of facts did not entitle them to a reversal of the judgment. Article 2073, Vernon's Statutes; Railway Co. v. Carpenter (Tex. Civ. App.) 256 S. W. 942; Railway Co. v. Reek (Tex. Civ. App.) 179 S. W. 699; Billingsley v. Railway Co. (Tex. Civ. App.) 208 S. W. 408; Hoff v. Clark (Tex. Civ. App.) 200 S. W. 431; Brick Co. v. Hawkins (Tex. Civ. App.) 116 S. W. 80.

The judgment will be affirmed.