## WICHITA VALLEY RY. CO. v. NICHOLS.
### No. 1356—5922.

Commission of Appeals of Texas, Section B.
June 1, 1932.

Coombes & Andrews, of Stamford, for plaintiff in error.

Sanders & Sanders, of Spur, for defendant in error.

LEDDY, J.

On June 14, 1930, plaintiff in error sued out a writ of error to review a judgment rendered against it in the county court of Dickens county on the 23d day of April, 1930. The term of court at which said judgment was rendered adjourned on May 10, 1930. On the same day of the filing of the application for writ of error plaintiff in error filed its supersedeas bond, which was approved by the clerk. On the day of its filing, citation in error was issued upon said application but not served, and later pluries citation was returned showing service on the defendant in error on the 1st day of September, 1930.

Plaintiff in error prepared a statement of facts and presented it to counsel for defendant in error on the 29th of September, 1930, which was more than four months after adjournment of the term of court at which the judgment was rendered. They refused to agree that the statement tendered was a correct statement of all the facts adduced upon the trial of this cause in the county court and certified their refusal on the same day the statement was presented to them. This statement of facts, with the certificate of opposing counsel refusing to agree thereto, was presented to the county judge. He refused to approve the same, whereupon plaintiff in error requested him to prepare and file a statement of facts, which he declined to do.

The Court of Civil Appeals overruled plaintiff in error's assignment complaining of the action of the trial court in refusing to prepare and file a statement of facts, and a writ of error has been granted by the Supreme Court upon an alleged conflict in the decision of this case with that of the Court of Civil Appeals for the Second District in the case of Golden West Oil Co. v. Golden Rod Oil Co., 285 S. W. 627. It is claimed that the Court of Civil Appeals in the latter case held that when a writ of error is sued out, the statement of facts may be filed at any time within 90 days after the service of citation in error.

The decision of the Court of Civil Appeals in this case does not conflict with the holding of the Court of Civil Appeals in the above-cited case. In that case it appears that the trial court did actually approve and file the statement of facts presented to him. The court held that such approval was equivalent to an extension of the time for filing.

It is true that the Court of Civil Appeals went further in that case than was necessary to decide the question before it and made the observation that "in writs of error the statement of facts may be filed within 90 days after service of citation in error," citing City of Aransas Pass v. Eureka Fire Hose Mfg. Co. (Tex. Civ. App.) 227 S. W. 330; Western Union Tel. Co. v. White (Tex. Civ. App.) 143 S. W. 958; Early-Foster Co. v. Mid-Tex. Mills (Tex. Civ. App.) 232 S. W. 1117.

The cases cited by the Court of Civil Appeals to sustain its dicta were decided under a statute differing in material respects to the statute in force at the time the writ of error was sued out in that case. Under the statute then in force (Rev. St. 1911, art. 2073), an appellant was given 30 days after adjournment of the court to prepare and file a statement of facts. The trial court was authorized to extend the time in which such statement might be filed, with the limitation that such extension should not be beyond a date which would delay the filing of the transcript in the Court of Civil Appeals. After making these specific requirements, the Legislature, for some unaccountable reason, added a clause which rendered nugatory all of the previous provisions of this statute (Acts 32d Leg. 1911, c. 119, § 7). This clause read: "Provided that any statement of facts filed before the time for filing the transcript in the appellate court expires, shall be considered as having been filed within time allowed by law for filing same." Chief Justice Fly of the San Antonio Court of Civil Appeals, in the case of Unknown Heirs of Criswell v. Robbins, 152 S. W. 210, 211, made this pertinent observation in regard to this legislation: "What purpose the Legislature had in view in passing such a clause, which practically sets aside all of the other provisions as to the time in which statements of facts shall be filed * * *, is utterly inconceivable. But there it is, and under its provisions the statement of facts, although filed beyond the time legally given by the court must be held to have been filed in time."

This statute was amended prior to the suing out of the writ of error in this as well as the Golden West Oil Company Case, and the above-quoted provision was eliminated.

The time in which the statement of facts was required to be filed in this case is fixed by the provisions of article 2246, R. S. 1925. It is there provided that a party appealing shall have 80 days after the adjournment of the term of court at which the judgment was rendered to prepare and file a statement of facts. It is further stipulated that the court may, during term time or in vacation, for good cause shown, extend the time for filing the statement of facts, but that the time shall not be extended in any case so as to delay a filing of the statement of facts and transcript

in the Court of Civil Appeals within 90 days after the filing of the appeal bond or writ of error bond.

The procedure applicable in cases where the parties have disagreed upon a statement of facts is controlled by the provisions of articles 2241a and 2241b, added by Acts 40th Leg. (1927) c. 44 (Vernon's Ann. Civ. St. arts. 2241a, 2241b). Article 2241a requires an appellant to present a statement of facts within the time required by article 2246 to opposing counsel for the purpose of procuring an agreement thereto. The duty is devolved upon the appellee to return to the appellant such statement of facts within 20 days after having received the same, indicating his approval or disapproval thereof. Article 2241b provides that if the appellant or his attorney fails to return to appellee or his attorney the statement of facts within 20 days with his approval or disapproval, it shall be conclusively presumed that there is a disagreement and the duty is devolved upon the trial judge in the event of a failure of the parties to agree to prepare and file a correct statement of facts.

Plaintiff in error mistakenly assumes that the statute in existence at the time this writ of error was sued out permitted a statement of facts to be filed within 80 days from the service of citation in error. There was in fact no such provision in the statute in force at said time. Article 2246, R. S. 1925. The Acts of 1931, 42d Legislature, p. 100, c. 67, did amend article 2246 (Vernon's Ann. Civ. St. art. 2246) so as to run the time for the filing of statement of facts, where a writ of error is sued out, from the date of the perfection of the writ of error; but this is the first time the statute contained this express provision.

Under the statutes regulating the filing of statements of facts in existence at the time this writ of error was sued out it was within the discretion of the trial judge, for good cause shown, to extend the time for filing such statements beyond the 80 days after adjournment of court; the only limitation being that such time should not be extended so as to delay the filing of the transcript in the court of civil appeals within the time required by law.

The statement of facts in this case was not presented to the trial judge within the time required by the statute. Under such circumstances it was within his sound discretion as to whether he would approve and file the same, or prepare and file a correct statement. No facts are disclosed showing the existence of such good cause for the delay in presenting the statement of facts to the county judge within the time required by the statute, as would justify this court in concluding that the trial judge abused the discretion vested in him by law.

In the absence of a statement of facts, we find no error requiring a reversal of the judgment, and we therefore recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J.

Judgments of the district court and Court of Civil Appeals are both affirmed, as recommended by the Commission of Appeals.