## DIAMOND STEEL HIGHWAY SIGN CO. et al. v. LATHAM.

### No. 11233.

Court of Civil Appeals of Texas. Dallas.

Feb. 18, 1933.

Rehearing Denied March 11, 1933.

Wm. M. Cramer, of Dallas, for plaintiffs in error.

E. G. Senter, of Dallas, for defendant in error.

LOONEY, Justice.

Since the record in this cause was filed, a number of motions have accumulated which will be disposed of at this time.

Plaintiffs in error ask that the case be reversed and remanded because, without fault or negligence, they have been deprived of a full and complete statement of facts. This contention is supported by bill of exception showing that, the statement of facts on file does not contain "certain exhibits (introduced in evidence), seventeen in number, which exhibits are necessary to make intelligible a good part of the evidence contained in said statement of facts." The bill contains no recital indicating that either of the omitted exhibits bears upon or is related to any ground relied upon for reversal; the statement in the bill that "the exhibits are necessary to make intelligible a good part of the evidence" is simply an unsupported conclusion.

The motion by plaintiffs in error to reverse and remand was met by a motion by defendant in error, praying, among other things, for mandatory process requiring the trial judge to complete the statement of facts, as provided by statute, etc. Action on these motions was deferred pending efforts on the part

of counsel, to find and agree upon the missing exhibits as a supplement to the statement of facts, but no such agreement was reached; however, it appears that sixteen of the seventeen omitted exhibits were found, presented to the trial court and court stenographer, and were approved, as shown by the trial court's certificate, as follows: "The exhibits above certified to are hereby approved and ordered filed as a part of the statement of facts in said cause. This 19th day of September, 1932. Signed: Claude McCallum, Judge, etc." This supplemental statement has been filed in this court by defendant in error with request that it be considered as a part of the statement of facts in the cause. The missing exhibit is neither described, nor is its contents given; hence its materiality is not shown.

It is only where there is a showing that, without fault or negligence, a litigant has been deprived of a statement of facts material to his appeal, that he is entitled to a reversal of the judgment. 3 Tex. Jurisprudence, § 448, pp. 638, 639. Such showing has not been made by plaintiffs in error.

The trial court alone was authorized to correct or amend the statement of facts, and the supplement, authenticated by the trial judge and filed in this cause, obviates the necessity of issuing process to require the trial judge to perform acts, already performed, or to require the clerk to certify to this court the supplemental statement, already on file. In view of this situation, we overrule the motion by plaintiffs in error, to reverse and remand, also the motion by defendant in error to dismiss, to strike out the statement of facts, and for the issuance of mandatory process for the completion of the statement of facts.

The record discloses that defendant in error, assuming erroneously that the trial court had jurisdiction, filed a motion setting up the insufficiency of the supersedeas bond, because of the insolvency of sureties, and, on hearing, the court sustained the motion and struck out the bond; thereupon, defendant in error caused the issuance of an execution on the judgment in his favor against plaintiffs in error for the recovery of money, and placed same in the hands of R. A. Schmid, sheriff of Dallas county, under which a levy upon property belonging to defendant the Diamond Steel Highway Sign Company was made, and thereafter plaintiffs in error filed, in this court, an original proceeding for injunction to restrain defendant in error and the officers of court from enforcing or seeking to enforce the alleged superseded judgment. This application was not acted upon, because at this juncture defendant in error filed a proper proceeding in this court challenging the sufficiency of the supersedeas bonds (an original and an amendment), and further, because of

a statement by counsel for defendant in error, made in open court, that no action would be taken to enforce the judgment or execute process thereon until the question as to the sufficiency of the supersedeas bonds is finally determined.

The evidence before us shows conclusively that the bonds are wholly insufficient, in that, the sureties thereon are insolvent; it follows, therefore, that, unless plaintiffs in error shall, within twenty days after notice thereof, give an additional supersedeas bond, in like manner as the original, to be approved by the clerk of this court, an order will issue from this to the trial court, directing or permitting the issuance of execution on the judgment and the enforcement thereof; however, the giving of a new supersedeas bond shall not release the liability of the sureties on the original bond or bonds heretofore executed and filed. Plaintiffs in error's petition for injunction is denied.