## DIAMOND STEEL HIGHWAY SIGN CO. et al. v. LATHAM.
### No. 11233.

Court of Civil Appeals of Texas. Dallas.
April 15, 1933.

Rehearing Denied April 29, 1933.

Wm. M. Cramer, of Dallas, for plaintiffs in error.

E. G. Senter, of Dallas, for defendant in error.

LOONEY, Justice.

Proceedings in this case heretofore had are reported in (Tex. Civ. App.) 57 S.W.(2d) 937,

938. Among others, it appears that the supersedeas bonds filed in the cause by plaintiffs in error were shown to be insufficient, because of the insolvency of the sureties thereon; therefore, on February 18, 1933, as directed by statutes (articles 2272 and 2273, R. S. 1925), we entered an order to the effect that, unless, within twenty days after notice of the order, plaintiffs in error filed an additional supersedeas bond, in like manner as the original, to be approved by the clerk of this court, an order would issue to the trial court directing or permitting the issuance of execution on the judgment appealed from. Plaintiffs in error having failed to comply with the order, as authorized by statute (article 2273, R. S. 1925), we issued an order to the trial court directing or permitting the issuance of execution on the judgment.

In a motion filed by plaintiffs in error, it is made to appear that, after the above proceedings, defendant in error sought, and obtained from the trial court, the issuance of process for the enforcement of the judgment, and that on March 28, 1933 (more than twenty days after notice of the order requiring the giving of an additional supersedeas bond), plaintiffs in error filed, in said court, a bond designed to supersede the judgment appealed from, which was approved by the district clerk, a certified copy of which is attached to said motion and asked to be filed as a part of the record in this cause; wherefore, plaintiffs in error pray that defendant in error be restrained, by appropriate process, from proceeding further under said judgment or under the process issued thereon.

Defendant in error challenges the sufficiency of the last bond filed by plaintiffs in error because of the insolvency of sureties thereon, and contends further that the clerk of the district court was without authority to approve or file the same, and that the bond is without legal force or effect, praying that the same be stricken from the record and adjudged to be without legal force or validity.

We sustain the latter contention. Under appropriate statutory proceedings, we held the original supersedeas bond insufficient because of the insolvency of the sureties, and, as provided by statute, granted plaintiffs in error twenty days from notice of said order to give an additional supersedeas bond, to be approved by the clerk of this court, which not being complied with, we issued an order to the trial court directing or permitting the execution of the judgment. This, in our opinion, exhausted our statutory authority to interfere further with the enforcement of the judgment; and as plaintiffs in error failed to avail themselves of the statutory right to supersede the judgment within the twenty days allowed, their right to further suspend execution of the judgment was lost. The bond filed March 28, 1933, came too late, and the district clerk was without authority to approve or file the same as a supersedeas bond.

Therefore, the motion of plaintiffs in error to file said bond as a part of the record in the cause is denied, and its prayer for injunction, or other appropriate process staying the execution of the judgment, is also denied.