JOACHIM et al. v. HAMILTON et al.*
(No. 7163.)

(Court of Civil Appeals of Texas. Galveston.
April 20, 1916. Rehearing Denied
May 18, 1916.)

1. APPEAL AND ERROR ⬤⟾1165 — REVERSAL FOR LACK OF STATEMENT OF FACTS.

Where appellant has been deprived of a statement of facts, material to his appeal, without fault or negligence of himself or counsel, he is entitled to reversal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4522; Dec. Dig. ⬤⟾1165.]

2. APPEAL AND ERROR ⬤⟾1165—REVERSAL FOR WANT OF STATEMENT OF FACTS—NEGLIGENCE —STATUTE.

Where there is nothing in the record, nor in the affidavits filed with the record by appellant, to show that he prepared or attempted to prepare a statement of facts, under Vernon's Sayles' Ann. Civ. St. 1914, art. 2068, providing that after trial either party may make out a written statement of facts, etc., but it is fairly deducible from such affidavits and statements in appellant's brief that no effort whatever was made by him to prepare such statement, appellant was not entitled to a reversal of the judgment because the stenographer had refused to prepare a transcript as for a pauper appellant, pursuant to order of the court, and had left the state.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4522; Dec. Dig. ⬤⟾1165.]

3. APPEAL AND ERROR ⬤⟾907(3) — PRESUMPTIONS FAVORING TRIAL COURT.

In the absence of statement of facts, the Court of Civil Appeals must presume that the trial court had before it sufficient facts to support the judgment rendered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3673; Dec. Dig. ⬤⟾907(3).]

Error from District Court, Harris County; John A. Read, Judge.

Suit by S. Joachim and others against H. Hamilton and another. To review a judgment for defendants, plaintiffs bring error. Affirmed.

D. H. Triplett, N. G. Kittrell, Sr., D. F. Rowe and Leonard Doughty, all of Houston, for plaintiffs in error. Baker, Botts, Parker & Garwood and Walter H. Walne, all of Houston, for defendants in error.

LANE, J. We adopt the statement of the case as found in appellants' brief, as follows:

This is a suit filed in the Sixty-First district court of Harris county, Tex., by S. Joachim and wife against H. Hamilton and H. Prince, wherein they sue for the accounting, etc., of the proceeds of an oil well alleged to have been digged in partnership between said Joachim, and said Hamilton and Prince; plaintiffs alleging that defendants forcibly took charge of such well and appropriated the oil therefrom in large quantities and appropriated the proceeds in large amounts, and plaintiffs sued for the money due. Mrs. Joachim died, and the minor children of herself and S. Joachim were made parties along with S. Joachim.

The case was first tried some years ago and was appealed by defendants in error herein, and the appeal was dismissed on the ground that the judgment failed to recite the name of another defendant, A. E. Stimson, thereby holding the judgment not final. The case was tried again in said district court, the trial lasting for some weeks, until May 28, 1914, on which date it was submitted to the jury on special issues; and on May 30, 1914, the jury returned their answers to the special issues, and upon such issues and answers the court entered judgment for defendants, Hamilton and Prince, that plaintiffs take nothing by this suit and go hence without day.

Plaintiffs in error then filed their affidavit in lieu of appeal bond, and made a motion to be allowed to appeal on such affidavit, instead of bond. The order granting their right to appeal on such affidavit was properly made and granted, and thereupon the district judge entered the proper order approving such affidavit. Thereupon plaintiffs in error made affidavit in proper form for transcript. The court thereupon made and entered the proper order, ordering the official stenographer to the said district court to make and deliver a statement of facts herein, containing a transcript of the evidence on the trial, as provided by law. No statement of facts having been obtained under the order aforesaid, plaintiffs in error, on August 14, 1914, filed their motion against the offi-

cial stenographer of the district court, asking that he be adjudged in contempt of court for refusing to obey the order, and to compel him to comply with such order. The district court overruled this motion, on the ground that the stenographer had resigned his position as official stenographer of the court, and had departed the state of Texas, and was beyond the jurisdiction of the court; it being shown that said stenographer was then in the state of Colorado. No record was ever filed in this court by reason of the appeal.

On May 28, 1915, plaintiffs in error herein filed in said district court their petition for writ of error. They then filed affidavit in lieu of bond for writ of error, in due and proper form. The district court thereupon allowed them to prosecute such writ of error on said affidavit. Citation in error in due and proper form was issued and served on defendants in error. On August 7, 1915, the clerk of the said district court prepared the transcript of the proceedings in this case, and in the matter of said application for writ of error in due and proper form, and on August 26, 1915, said transcript was filed in this court. On the same date plaintiffs in error filed in this court the affidavits of plaintiff S. Joachim, and of his counsel of record, Leonard Doughty, showing the facts as to plaintiffs' attempts to obtain statement of facts, and their failure, which affidavits are on file herein. They have also filed herein the supplementary affidavits of the same persons, showing the present status of the case as being the same as when the previous affidavits were made.

Plaintiffs' sole contention herein is that they are entitled to a reversal on account of being refused a statement of facts, wholly without fault on their part. No assignments of error were filed, appellant insisting that it was impossible to prepare such without a statement of facts, nor is there any bill of exceptions in the record. The only reason urged by appellants for a reversal of the judgment of the trial court is that he has no statement of facts before this court to enable it to review the matters complained of in his motion for new trial, made in the trial court, and that the failure to have such statement of facts before this court is not chargeable to any negligence or fault upon the part of appellants or of their counsel.

By their brief, together with certain affidavits attached, they seek to show to this court the following facts, to wit: That appellants gave proper notice of appeal. That the trial court adjourned on the 13th day of June, 1914. That on the 26th day of June, 1914, appellants filed their affidavit of inability to pay the cost of appeal in lieu of an appeal bond. That the court heard the contest upon such affidavit, and thereafter entered an order granting appellants the right to appeal upon said affidavit, which such order was duly entered of record. That there-

after in due time the trial court made and caused to be entered orders directing the clerk of the court to make up a transcript of the papers and proceedings in the cause as required by law, and directing the official court stenographer to make and deliver a transcript of his official shorthand notes, made by him, of the proceedings of the trial court of said cause, as provided by law. That on the 5th day of July, 1914, he saw McKinzie, court stenographer, and urged him to transcribe his said notes, as he was ordered by the court to do. That said court stenographer at that time agreed to make such transcript at an early date without fail, and would complete the same not later than the 1st day of August, 1914. That appellant relied on such promise until the time for the completion of said transcript fixed by said stenographer had expired, and thereafter, on or about the 10th day of August, 1914, and after counsel for appellants had received a letter from said stenographer, which reads as follows:

"Tucumcari, N. M., Aug. 7, 1914.

"Messrs. Rowe & Doughty, Attorneys at Law, Houston, Texas—Gentlemen: I regret the necessity of advising you that I feel that an imposition is attempted upon me in the Joachim case; therefore I shall decline to comply with the orders of the court with reference to a transcript thereof on a 'pauper's' oath. A transcript of this case will cost approximately $700, and upon payment to me of $500 I will begin the transcript, and at its completion shall require the balance. I trust you will appreciate my position in the matter, and I believe you know that if I felt that the 'pauper's' oath was bona fide, I would comply with the orders of the court, regardless of the cost to me; however, I feel otherwise.

"Yours truly,          E. D. McKinzie"

—appellant, by proper motion in writing, asked the trial court to fine said stenographer for contempt of said court for having refused to obey the order of said court, and to compel said stenographer to make said transcript. That the court overruled said request, on the grounds that the stenographer had resigned his office of stenographer and had left the state of Texas, and was beyond the jurisdiction of the court. That, not being able to perfect his appeal on account of not being able to get said transcribed notes, appellant abandoned such appeal, and on the 28th day of May, 1915, filed in said trial court his petition for writ of error, and filed his affidavit in lieu of writ of error bond, which was by the court approved, and citation was thereafter in proper time served on appellees. That on the 26th day of August, 1915, the transcript of the record was filed in this court.

It is shown by the affidavit of appellant S. Joachim and his counsel, Leonard Doughty, that said stenographer has refused and still refuses to make and deliver the transcript of his said notes to appellant or his counsel or to the clerk of the trial court, and that owing to the fact that a great many witnesses testified in the trial of the case,

and that many documents and papers were introduced in evidence, requiring about two weeks to try said cause, and as counsel for appellants did not charge their memories with the facts proven as they transpired, but, on the contrary, relied entirely upon the stenographer's notes to refresh their memories, they are absolutely unable to prepare a statement of such facts from memory and without said stenographic notes, and that therefore appellant has been deprived of a statement of facts on his appeal, without any negligence or fault on the part of himself or his counsel. Upon such showing appellant is asking this court to reverse the judgment of the trial court and remand the cause for another trial.

[1] It is well settled, we think, that where an appellant has been deprived of a statement of facts, material to his appeal, without fault or negligence of himself or counsel, he is entitled to a reversal of the judgment from which he has appealed. But we do not think appellants present any such case.

[2] Section 8 of the Acts of the Legislature of 1911, page 264, known as the Stenographer's Act (Vernon's Sayles' Ann. Civ. St. 1914, art. 2071) provides that in any civil case, when appellant or plaintiff in error has made the proof required to appeal his case without bond, such appellant or plaintiff in error may make affidavit of such fact, and upon the making and filing of such affidavit the court shall order the stenographer to make a transcript of his shorthand notes of the proceedings of the trial and deliver same to the clerk of the court for the use of the appellant, etc. It is specially provided by the provision of said Stenographer's Act, as amended (now article 2072), that nothing in said act shall be so construed as to prevent parties from preparing statement of facts on appeal independent of the transcript of the notes of the official shorthand reporter. It is also provided by articles 2068 and 2069, respectively, as follows:

"Art. 2068. After the trial of any cause, either party may make out a written statement of the facts given in evidence on the trial, and submit the same to the opposite party, or his attorney, for inspection. If the parties, or their attorneys, agree upon such statement of facts, they shall sign the same; and it shall then be submitted to the judge, who shall, if he find it correct, approve and sign it; and the same shall be filed with the clerk.

"Art. 2069. If the parties do not agree upon such statement of facts, or if the judge do not approve or sign it, the parties may submit their respective statements to the judge, who shall, from his own knowledge, with the aid of such statements, make out and sign and file with the clerk a correct statement of the facts proven on the trial; and such statement shall constitute a part of the record."

It is clearly apparent from a reading of the statutes above quoted, and the affidavits filed herein by appellant, that appellant's contention that he has not been negligent in procuring a statement of facts, or that he has done all he could to procure such statement of facts, and that he is now without such statement of facts without negligence or fault of either himself or his counsel, is not supported by anything in the record, nor by the affidavit of any one. There is nothing in the record before us, nor in the affidavits filed with the record by appellant, to show that appellant prepared or attempted to prepare a statement of facts under the provisions of article 2068, above quoted, but, upon the contrary, it is fairly deducible from such affidavits, and statements in appellant's brief, that no effort whatever was made by him to prepare such statement of facts as provided by said article.

We are unable to agree with appellant that it is impossible for counsel to remember the oral testimony given by the witnesses, so as to enable him to prepare a statement of the material facts proven upon the trial of the cause, or that it was impossible for him to gather from the large volume of documents introduced in evidence the facts thus proven, without the aid of the stenographer's notes. We can hardly assume that counsel, who, in every case tried by him is called upon, as an advocate, to apply the law to the facts proven, in presenting his case to the trial court or trial jury, has such indefinite recollection of the facts proven that he is unable to prepare a reasonably accurate statement of such facts.

We conclude that appellant cannot be excused from, at least, making such statement of facts as he believed to be correct, and from presenting it to opposing counsel for his approval or rejection. Had he done so, and opposing counsel had refused to agree to the statement of facts so prepared and presented, then appellant could have presented such statement of facts to the trial judge, who, if he refused to approve such statement, is required, by article 2069, supra, to make out and sign and file with the clerk of the court a correct statement of facts proven on the trial, to be used on appeal. Had appellant prepared or attempted to prepare such statement of facts in the manner above mentioned and had otherwise complied with the provisions of articles 2068 and 2069, supra, and then failed to procure a statement of facts to be used on appeal, this court might have reversed the judgment rendered against him by the trial court, but we decline to aid in the establishment of a rule of practice contended for by appellant.

[3] In the absence of a statement of facts we must presume that the trial court had before it sufficient facts to support the judgment rendered, and therefore said judgment is affirmed.

Affirmed.