Motion for rehearing is granted, and the case is reversed and remanded.

---

## CRENSHAW v. MONTAGUE COUNTY et al. (No. 9408.)

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 11, 1920.)

1. **Appeal and error** ⟜726—**Assignment of error for failure to fix damages requires statement of facts.**

Assignment of error to the dissolving of temporary injunction against opening of road because the road judgment was void, since the jury failed to fix the owner's damages, accompanied by the statement that the jury allowed damages to land, but stated they could not say as to the damages for cutting his cattle off from water, presents no question for review in the absence of a statement of facts.

2. **Appeal and error** ⟜1165—**Loss of shorthand notes held not to entitle appellant to reversal.**

The facts that the official reporter had lost the shorthand notes of the hearing which he was required to take and preserve under Rev. St. arts. 1923 and 1924, so that he could not prepare a statement of facts, and that the attorneys who represented appellant at hearing had moved from the county, do not entitle appellant to reversal, where the record shows that the citation in error was served more than four months after final judgment, and appellant made no showing of an attempt to prepare a written statement of facts under Rev. St. art. 2068, or to secure an agreed statement of facts under Rev. St. art. 2112, or to seasonably apply for proper process to compel the reporter to file transcript of his notes or substitute them as provided under Rev. St. arts. 2157 and 2158.

Error from District Court, Montague County; C. R. Pearman, Judge.

Suit by Lee Crenshaw against Montague County and another for injunction to restrain the opening of a road. Judgment dissolving the temporary writ of injunction theretofore issued, and plaintiff brings error. Affirmed.

H. W. Hunt, of Montague, for plaintiff in error.

Homer B. Latham, of Bowie, and J. E. Hall, of Wichita Falls, for defendants in error.

CONNER, C. J. Plaintiff in error, Lee Crenshaw, instituted this suit to enjoin the opening of a public road through specified premises owned by him. He alleged that he had not been given legal notice of any proceeding to lay out the road nor to appear before any jury of view, that the jury of view assessed his damages at $500, whereas his real damage was $3,500, and the commissioners' court had illegally reduced the amount assessed by the jury to $250, and he prayed for and obtained a temporary injunction restraining the road overseer from opening the road.

The commissioners' court and road overseer answered by demurrers to the petition, by a general denial, and specially to the effect that the plaintiff when notified by the jury of view appeared before it and presented his claim for damages and made no objection to the proceeding.

The case came on for final hearing at the regular June term, 1919, of the district court of Montague county, and the court after having, as the judgment recites, heard the evidence and argument of counsel, dissolved the temporary writ of injunction theretofore issued, and the plaintiff prosecutes this writ of error from said judgment of dissolution.

[1] Plaintiff in error's first assignment reads as follows:

"The report of the jury is void in that it shows that said jury did not fix or attempt to fix plaintiff's damages. The court therefore erred in dissolving the injunction."

The assignment is treated as a proposition and is followed by this statement:

"Said jury allowed plaintiff $500 damages to his land, but said as to the damages for cut-

---

⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ting Crenshaw's cattle off from water we cannot say."

Among other things, that might be said, an all-sufficient answer to the assignment is that we have no statement of facts and therefore cannot review the assignment.

[2] The only remaining assignment of error is the following:

"The negligence of the court stenographer and the clerk in losing all data from which a statement of facts could be made is reversible error."

In support of that assignment plaintiff in error presents the following proposition and statement:

"The negligence of the court stenographer and the clerk prevented the plaintiff from getting up a statement of facts in this case."

The certificate and affidavit referred to as shown by the transcript is as follows:

"No. 5436. Lee Crenshaw v. Montague County. I, J. J. Cox, clerk of the district court of Montague county, Tex., hereby certify that Mr. King, the court reporter, and myself, during the January term, 1920, both made diligent search for his shorthand notes in this case and have been unable to find them; said notes nor said reporter's transcript of questions and answers were ever filed in my office. J. J. Cox, Clerk of the District Court of Montague Co. Tex.

"I, H. W. Hunt, do solemnly swear: That Spencer & Cook, attorneys who tried this case, have both moved out of Montague county. That I have been employed to take this case up by writ of error. That I went to the court stenographer and requested him to get up a statement of facts in the case; he made diligent search for his notes and failed to find them, and said that he could give me no data from which to make a statement of facts. That I was not in the trial of the case and know nothing about the facts in the case. H. W. Hunt.

"Sworn to and subscribed and before me this the 16th day of February, A. D. 1920. J. J. Cox, Clerk of the District Court of Montague County, Texas."

We are of the opinion that the assignment last presented must be overruled.

Articles 1923 and 1924, Revised Statutes, makes it the duty of an official shorthand reporter attending sessions of the court to take full shorthand notes of all the testimony offered in the case and to preserve his shorthand notes for future reference, and, in case where an appeal is perfected, to transcribe the testimony and other proceedings in the form of questions and answers, certifying that such transcript is true and correct, and file the same in the office of the clerk of the court. But the record shows in this case that the final judgment was rendered July 19, 1919; that the writ of error bond was approved November 25, 1919, and citation in error issued and served on November 26, 1919. We think plaintiff in error was lacking in diligence. No reason is perceived nor given why, if the reporter failed to file a transcript of his notes, plaintiff, upon giving notice of appeal, did not apply for a transcript of the notes of the evidence and require its filing, if he desired this to be done, within a reasonable time after rendition of the final judgment. This was not done it appears, but, on the contrary, no search was made for the notes until during the January term of the district court in 1920. Moreover, for the preparation and presentment of the statement of facts the parties are not limited to the notes of the official shorthand reporter. Article 2068, Revised Statutes, expressly provides that after a trial of any cause either party may make out a written statement of facts given in evidence on the trial, which, if agreed to by opposing counsel and approved by the judge, is all-sufficient. Or, if a full statement of facts is not desired, an opportunity is presented by article 2112, Revised Statutes, for the parties to agree upon a statement of the facts proven. It does not appear that plaintiff in error might not, with reasonable diligence and effort, have been able to present to this court a properly approved statement or agreement as to all of the facts necessary for our consideration. It is not stated that plaintiff in error himself was unacquainted with the facts or that Spencer & Cook, notwithstanding their removal from the county, might not have been easily approached, or that they would have refused to agree upon a statement, or that the judge who tried the case would have refused to approve any such statement. So that, on the whole, and in the absence of any effort on plaintiff in error's part to have seasonably applied for the proper process to compel the reporter to file a transcript of his notes or to substitute them if lost as provided by articles 2157 and 2158, Revised Statutes, and in the absence of any effort to avail himself of other provisions of the statutes enabling him to secure an agreed statement of the facts, we think he has not shown himself entitled to a reversal of the judgment on the ground presented in the assignment discussed.

All assignments are accordingly overruled, and the judgment is affirmed.