## COMER et al. v. FARRELL et al.

### No. 11029.

Court of Civil Appeals of Texas. Dallas.
Nov. 7, 1931.

Rehearing Denied Nov. 7, 1931.

Ross M. Scott, of Dallas, for appellants.

Wm. M. Cramer and J. D. Kugle, both of Dallas, for appellees.

LOONEY, J.

On October 3, 1931, we overruled appellants' motion to reverse and remand, based upon the ground that, without their fault, they had been deprived of a full and complete statement of all the facts proven on the trial below. The question was presented by motion simply, supported alone by affidavits, as no bill of exception was reserved to the action of the court approving the incomplete statement, nor did they assign error thereon. In overruling the motion to reverse and remand on the ground presented, we followed the well-established rule that, to entitle a litigant to a reversal, under the circumstances, the action of the court complained of should have been made a part of the record by bill of exception, and assigned as error. The rule governing such a situation is announced in 3 Tex. Jur. p. 641, as follows: "To entitle a party to a reversal in any event the failure of the judge to approve the statement presented to him or to prepare one himself must be shown by the record, and must be assigned as error. The matter must be presented by a bill of exceptions, and will not be considered when presented only by a motion for reversal filed in the appellate court, accompanied by affidavits setting out the facts." This doctrine is fully sustained by the decisions, and we think the principle announced is applicable to and rules the question under consideration.

Appellants present nothing new in their motion for rehearing, but urgently insist that, because the statement of facts approved by the court is admittedly incomplete, in that certain exhibits introduced in evidence by appellee were omitted therefrom without their fault, but due to the fault of appellee, the case should be reversed and remanded.

We do not deem it necessary to locate the fault, because, in our opinion, the question is immaterial, under the authorities above cited. We therefore pretermit any mention of occurrences connected with the preparation of the statement, and come at once to the conference between the trial judge, Hon. Towne Young, and attorneys for the parties, held on

the last day for filing. This conference, and its result, is described in an affidavit by Judge Young as follows: "* * * That he remembers the occasion when the statement of facts in said cause was presented to him for approval; that at said time there was an objection to the same by the attorneys for Hunter T. Farrell (appellee), to wit: W. B. Harrell and William M. Cramer, for the reason that same did not contain all of the exhibits; that the attorneys for L. B. Comer and W. V. Galbreath (appellants) to-wit: Mr. Ross Scott and Mr. W. T. Henry, represented to him that it was their last day for filing their record in the Court of Civil Appeals, and that they would agree that a supplemental volume might be made up later, which would contain all of the exhibits omitted from the record, and insisted that the Court sign the same, that they might have their statement of facts on appeal in this cause, and that Mr. Farrell could not be hurt as the exhibits might be placed in the record later in a separate volume by him, if he so desired. That the Court, not desiring that they should be without a statement of facts in this cause, approved the same because of the understanding that the missing exhibits might be placed in the record later as a part of the record; that he signed same at the request of Mr. Ross Scott and Mr. W. T. Henry; that no objection was made by them at the time, and that no bill of exception was taken by them, but the same was signed at their request, and because they requested the same to be signed. That at said time, the attorneys for Mr. Hunter T. Farrell, to-wit: W. B. Harrell and William M. Cramer, objected to the approval of said statement of facts because of said missing exhibits, reserved an exception thereto, and filed their written objections to the same."

The statement of Judge Young is corroborated by William M. Cramer and W. B. Harrell, attorneys for appellee, also by T. C. Eades, court reporter, and is not disputed. In view of these undisputed facts, we are of opinion that, even if the question were properly presented for consideration, by bill and assignment, appellants' motion should nevertheless be overruled, under the well-established doctrine of invited error.

It is obvious that the trial court signed and approved the incomplete statement at the urgent insistence of appellants' counsel; hence, if the court erred in so doing, the error was invited by them. The rule stated in 3 Tex. Jur. § 731, p. 1031, is that "A litigant on appeal or writ of error may not seek a reversal for error which he himself has committed or invited, even though the error is fundamental. One who by his own conduct has induced the trial court to commit error is estopped to assert that the action of the court is erroneous.

* * *" This doctrine is well supported by numerous authorities. We therefore adhere to our original decision overruling appellants' motion to reverse and remand; hence overrule their motion for rehearing.

Overruled.