## RANKIN et al. v. NASH–TEXAS CO. et al.
### No. 11455.

Court of Civil Appeals of Texas. Dallas.
March 25, 1933.

Callaway & Reed, of Dallas, for appellants.

McCormick, Bromberg, Leftwich & Carrington and Leachman & Gardere, all of Dallas, for appellees.

LOONEY, Justice.

E. G. Rankin and Mrs. E. G. (Ann Elizabeth Walsh) Rankin appealed, in forma pauperis, from a judgment rendered in the 101st district court of Dallas county that they take nothing by their suit against Nash-Texas Company and/or Automotive General Corporation and E. S. Euless, defendants. The motion of appellants (plaintiffs below) for a new trial was overruled December 2, 1932. On December 15th they filed an affidavit stating their inability, singly or jointly, to pay the costs of appeal, any part thereof, or to give security therefor; within ten days (December 23d) Nash-Texas Company, appellee, contested said affidavit before the court while in session; the hearing was set for January 4, 1933, and on that day after hearing evidence the court determined the matter in favor of the right of appellants to prosecute the appeal.

Appellee Nash-Texas Company moves to dismiss the appeal on the following grounds: (1) Because, as the action of the court allowing the appeal was had more than thirty days after the order overruling appellants' motion for a new trial, the appeal was not perfected; the contention being that, under the statute, when the affidavit is contested the appeal is perfected, not by filing

the affidavit, but by the order of court allowing same.

We cannot assent to this contention. The affidavit was filed in time, hearing of the contest was set for January 4, 1933, and on that day was heard and the appeal allowed. The statute, article 2266 (as amended by the 42d Legislature 1931, p. 226, c. 134, § 1 [Vernon's Ann. Civ. St. art. 2266]), provides, " * * * It will be presumed, prima facie, that the affidavit of appellant speaks the truth and unless contested within ten (10) days after being filed the presumption shall be deemed conclusive. * * *" The filing of a proper affidavit in time, prima facie, perfects appeal, subject, however, to be defeated by a successful contest, which must be begun within ten days. We find nothing in the statute warranting the contention that the order of court on the contest, determining the right to prosecute the appeal, must be entered within any particular time; the hearing is under the control of court, or the judge before whom the contest is pending, and when the right to appeal is determined favorably, the order relates back to the date the affidavit was filed.

■■ It is also contended that the findings on the contest and the evidence heard thereon should have been certified to, or filed as a part of the record, and as this was not done the appeal should be dismissed.

The statute (article 2266) directs that, " * * * Any Officer of Court or party to the suit, interested, may contest the affidavit, whereupon the Court trying the case, if in session, shall hear the contest; but if in vacation, the same shall be heard by either the Judge of the Court or the County Judge of the County where the suit is pending and on such hearing evidence may be introduced, the right of the party to appeal shall be determined, the finding certified to, and filed as a part of the record of the case. * * *"

In the instant case, the contest was before the court trying the case while in session, and a full and complete minute of the proceedings is found in the record.. It is only where the contest is before the judge, after adjournment, or the county judge of the county where the suit is pending, that the finding, determining the right of appeal, is required to be certified to and filed as a part of the record.

Appellee contends further that the trial court erred in allowing the appeal, because no attempt was made to secure sureties on the cost bond; in other words, an attack is made upon the fact finding of the trial court in determining the right to appeal.

The order entered upon the hearing contains the following: " * * * And all parties announced ready on the hearing of said contest; and, while the Honorable Claude M. McCallum, Judge who tried this case, was presiding in open court, there was presented and heard evidence in support of said affidavit filed herein by plaintiffs, and evidence in support of the contest of said affidavit filed herein by Nash-Texas Company, and/or Automotive General Corporation * * *, and the court being of the opinion that the plaintiffs, Mrs. E. G. (Ann Elizabeth Walsh) Rankin and E. G. Rankin, singly and/or jointly, are unable to pay the costs of appeal, or any part thereof, or to give security therefor; now therefore, etc., * * *" determining the right of plaintiffs to appeal in forma pauperis.

The decision of the trial court, on the issue of fact involved in determining the right of appeal, as recited in the order, was based upon evidence, is not shown to be erroneous, or that the court abused its discretion.

The motion of appellees, to dismiss the appeal, is overruled.

Appellee also moves to strike from the record the statement of facts, (a) because the same is not signed by the judge who tried the case, (b) because it does not contain the evidence heard on the contest of the affidavit for appeal in forma pauperis, (c) because the court acted improperly in extending the time for the filing of the statement of facts, as no good cause therefor was shown, and (d) that the statement was not filed in due time.

■ The case was tried before Honorable Claude M. McCallum, judge of the 101st district, and the statement of facts was approved by Honorable W. M. Taylor, judge of the 14th district, while sitting for Judge McCallum. In a dissenting opinion, in Pratley v. Sherwin-Williams Co. (Tex. Civ. App.) 21 S.W.(2d) 323, 325, approved by the Supreme Court, 36 S.W.(2d) 195, 198, the doctrine was announced that a trial, within the meaning of statutes regulating judicial procedure, is not concluded as long as any phase of the case is open for consideration, and that a judge, legally presiding under chapter 156, Acts Regular Session 40th Legislature, known as the administrative judicial districts act, or under the provisions of chapter 6, art. 2092, R. S., regulating practice and procedure in certain district courts (including the civil district courts of Dallas county), may hear and determine any part of any case or proceeding pending in any of said courts, and that any other judge (legally presiding) may complete the hearing and render judgment in the case, etc. This rule was followed by the Galveston Court in Guess v. Phelps, 41 S.W.(2d) 75. In Schulz v. Boyd, 32 S.W.(2d) 483, 484, this court held that Judge Bush, of the county court of Dallas county at law, No. 1, presiding for Judge Rawlins, of the county court of Dallas county at law, No. 2 (absent on vacation), was authorized to approve and sign the statement of facts in a case tried before Judge Rawlins, and in this

connection the following language in point was used: "Judge Bush's authority to hold court for Judge Rawlins was not restricted to the performance of particular acts, but comprehended all acts pertaining to the business of said court, which included, not only the trial of causes, but the transaction of all incidental judicial business, just as the regular judge could have transacted had he been presiding. To hold otherwise would, in effect, write into the statute limitations the Legislature did not see fit to write. The phrase, 'the judge,' authorized by article 2243, R. S. 1925, to approve and sign statements of facts, means, not only the regular judge who presides at the trial of a cause, but also any judge who may be legally authorized to hold said court. The approval of a statement of facts by the judge is one of the most important items of business incident to the trial of a cause that the judge is called upon to perform, for, if the litigant should be deprived of the statement, his appeal may prove of no value." We overrule the contention that the statement of facts should be stricken because not signed by the judge trying the case.

■ The objection that the statement of facts does not contain all of the evidence cannot be raised except by an assignment of error based upon a proper bill of exception. See 3 Tex. Jur. p. 641; Comer v. Farrell (Tex. Civ. App.) 45 S.W.(2d) 432.

■ The further contention is made that the statement should be stricken, (1) because the court acted improperly in extending the time for filing the statement, no good cause therefor being shown, and (2) because the same was not filed in due time.

Appellants' motion for a new trial being overruled, and notice of appeal given on December 2, 1932, the court granted 50 days within which to file the statement of facts, and on January 19, 1933, time was further extended to January 30, 1933, and on that date the statement of facts was filed.

The statute, section 2 of article 2246 (as amended, Acts 1931, 42nd Legislature p. 100, c. 67 [Vernon's Ann. Civ. St. art. 2246, § 2]) reads: "Sec. 2. Upon application of the party appealing, the Judge of the Court may, in term time or vacation, for good cause shown, extend the time for filing such Statement of Facts and Bills of Exception; but the time shall not be extended in any case so as to delay the filing thereof beyond the time for filing the transcript in the Court of Civil Appeals."

The matter of extending the time for filing a statement of facts (except as limited by the language of the statute) is within the sound discretion of the trial judge, and will not be reviewed, except for a prejudicial abuse of discretion, which must be complained of in a proper assignment, based upon a bill of exception taken to the action of the trial court.

■ In the instant case, the question is presented by motion to strike, without bill or assignment, hence is not properly presented for consideration.

The motions of appellee, to dismiss the appeal and to strike from the record the statement of facts, are overruled.