## HALL v. KYNERD.

### No. 3426.

Court of Civil Appeals of Texas. El Paso.
Oct. 8, 1936.

Rehearing Denied Oct. 22, 1936.

■■■

Cameron, Hardin & Bridges and J. R. Norvell, all of Edinburg, for appellant.

Wiley Johnson and Bromberg, Leftwich, Carrington & Gowan, all of Dallas, for appellee.

HIGGINS, Justice (after stating the case as above).

■ It is first insisted the judgment should be reversed because upon this appeal appellant has been deprived of a statement of facts through the failure of the official court reporter to attend the hearing of August 5th, and take notes of the testimony offered as required by article 2324, R.S. The record shows no effort upon appellant's part to obtain a statement of facts independent of the reporter's notes or one made by the judge as is authorized by articles 2242, 2243, 2240, and 2280. In this condition of the record this matter presents no reversible error. Crenshaw v. Montague County (Tex.Civ.App.) 228 S.W. 569; Joachim v. Hamilton (Tex.Civ.App.) 186 S.W. 251; Honse v. Ford (Tex.Civ. App.) 258 S.W. 527.

■ In this connection there is this further consideration. The trial without the presence of the official reporter in the discharge of his duty to take notes of the testimony was simply an error in the trial procedure. By the filing of his plea of privilege appellant entered his appearance. When the plea was overruled and no appeal prosecuted, he was before the court and charged with notice of all subsequent proceedings in the cause. Spivey v. Saner-Ragley Lumber Co. (Tex.Com.App.) 284 S.W. 210; Ruby v. Martin (Tex.Civ.App.) 44 S.W.(2d) 824.

It was his duty to take exception to the trial of the case without the presence of the court reporter. By his failure so to do the procedural error in hearing the case without the reporter present will be deemed to have been waived. Spivey v. Saner-Ragley Lumber Co. (Tex.Com.App.) supra.

[3] At the time appellant requested leave to file amended motion for new trial more than 20 days had elapsed since the original motion was filed. Therefore the court properly refused leave to file the amended motion. Article 2092, subd. 29; Dallas Storage & Warehouse Co. v. Taylor, 124 Tex. 315, 77 S.W.(2d) 1031; Independent Life Insurance Co. of America v. Work,

124 Tex. 281, 77 S.W.(2d) 1036; Ditmar v. Beckham (Tex.Civ.App.) 86 S.W.(2d) 801.

[4] The allegation as to meritorious defense contained in the original motion for new trial was wholly insufficient. Peters v. Hubb Diggs Company (Tex.Civ.App.) 35 S.W.(2d) 449; Thomas v. Goldberg (Tex.Civ.App.) 283 S.W. 230; Homuth v. Williams (Tex.Civ.App.) 42 S.W.(2d) 1048; Tex.Jur. vol. 25, p. 572; Tex.Jur. vol. 31, p. 140; Monarch Petroleum Co. v. Jones (Tex.Civ.App.) 232 S.W. 1116; Schultz v. Burk (Tex.Civ.App.) 227 S.W. 700.

The court did not err in refusing to hear evidence in support thereof.

The petition is sufficient to support the judgment rendered, for which reason the last point presented by appellant is without merit and is overruled.

Affirmed.