McCLURE v. MILLER.

No. 13665.

Court of Civil Appeals of Texas. Fort Worth.

March 18, 1938.

Rehearing Denied May 6, 1938.

Homer B. Latham and T. H. Yarbrough, both of Bowie, for appellant.

Benson & Benson, of Bowie, for appellee.

BROWN, Justice.

On April 15, 1933, Mrs. Estelle Miller, a feme sole, appellee, brought suit in the district court of Montague county, Tex., against R. L. McClure, the appellant, to ·recover judgment on certain promissory notes and to foreclose a vendor's lien on certain lands belonging to the appellant, and the case was tried to a jury.

Three special issues were submitted. Issue No. 1 required the jury to find whether or not it was agreed between McClure and one E. W. Wright, to whom the notes sued upon were given and who had, in due course, transferred the same to appellee, that McClure would deed the land to Wright, as security for a debt, and that Wright would deed it back to McClure and retain vendor's lien notes. The jury did not answer this issue. In answer to issue 2, the jury found that at the time of the execution of the deed to Wright, Mrs. McClure, wife of R. L. McClure, had left her husband and formed the intention not to return to and live with him, and in answer to issue No. 3, the jury found that at the time the deed was executed by McClure and wife to Wright, McClure's wife had left the land in question as her homestead and had formed an intention not to return to and occupy the same as her homestead.

The trial court declined to enter judgment on this verdict, and simply ordered a mistrial in the case.

The theory of the plaintiff below was, first, that the deed by McClure and wife evidenced an outright sale of the property in question; and, second, that if it were not a bona fide sale, the transaction constituted a valid mortgage.

Shortly after the above action was taken by the trial court, Mrs. Miller instituted an original mandamus proceeding in the Supreme Court against the district judge who presided over the said trial court, and the mandamus proceeding having been entertained by the Supreme Court, same lay in such court for a period of almost three years, when, on February 26, 1936, the Supreme Court, by a written opinion, through the Commission of Appeals, dismissed the petition for mandamus. See Miller v. Stine, 127 Tex. 22, 91 S.W.2d 315. As soon as was possible after such proceeding had in

the Supreme Court, Mrs. Miller filed an application for a writ of mandamus against the said district judge in this court. The application was granted, and judgment was rendered by this court, directing the judge of the district court to enter judgment nunc pro tunc for the relator, Miller, as prayed for. See 99 S.W.2d 397. After the nunc pro tunc judgment was thus entered in the district court of Montague county, the defendant, R. L. McClure, filed a motion for a new trial and same having been overruled, said defendant made an affidavit of inability to pay or secure the costs, in lieu of an appeal bond, and appealed to this court.

The cause comes to us without a statement of facts, and the record discloses that it is impossible to secure a statement of facts in question and answer form, because the whereabouts of the official court reporter, who reported the proceedings in the trial court, are unknown, and said former court reporter is either dead, or cannot be located, if alive.

We find sixteen asserted grounds of error. The first, which complains of the trial court overruling the defendant's motion to strike the plaintiff's supplemental petition, we think is without merit.

The second, which complains of the court overruling the defendant's motion for a continuance, is without merit.

The third, which complains of the court refusing to sustain the defendant's general demurrer and special exceptions to the plaintiff's supplemental petition, is clearly multifarious and cannot be considered, under the rules and decisions.

■ The fourth asserts that the trial court erred in overruling defendant's objections to the submission of special issue No. 1. This issue was not answered by the jury and was not necessary to the rendition of the judgment in the case, as has been shown above, and this assignment presents no error.

■ The fifth asserts that the trial court erred in overruling defendant's objection to the submission of special issue No. 2. In the absence of a statement of facts, we cannot consider this assignment of error.

The sixth complains of the trial court refusing the defendant's request for peremptory instruction. The assignment cannot be considered, for the reasons just given in discussing the fifth assignment of error.

Likewise, because of the absence of a statement of facts, we cannot consider the seventh, eighth, ninth, tenth, twelfth, and thirteenth assignments of error. All of these relate to the refusal to give requested issues, the overruling of objections made to the charge and the sufficiency of the evidence to support the answers returned by the jury.

The eleventh assignment of error asserts that the answers of the jury to two of the three issues submitted are not sufficient to support a judgment for the plaintiff. This matter has heretofore been decided by us in the mandamus proceeding referred to, supra. There is no merit in the assignment of error.

And for the same reason, there is no merit in the fourteenth assignment of error, which complains of the trial court setting aside the order of mistrial and entering judgment for the plaintiff below.

■ The fifteenth assignment of error cannot be considered by us, because same is too general, in that it simply states that the judgment is contrary to the law and the evidence.

The sixteenth and last assignment of error presents the real issue in the case before us. It is: "The court erred in refusing to grant defendant's motion for a new trial, because the evidence on the motion showed that the appellant would be deprived of a statement of facts on the trial of this case in his appeal, through no fault or negligence of himself or his attorneys."

Appellant relies upon the holding in Victory et al. v. Hamilton et al., 127 Tex. 203, 91 S.W.2d 697, for a reversal of the judgment in this case, but we believe the two suits are easily distinguished.

The particular value of a statement of facts in question and answer form is that of preserving and disclosing the rulings of the trial court as to the admission and exclusion of evidence.

In the instant case the trial judge testified in substance that he could assist counsel in preparing bills of exception covering such matters. Appellant's counsel did not see fit to take advantage of such assistance, although it appears that he could have fully protected the appellant in this regard.

Furthermore, it appears that no effort was made to prepare a statement of facts, although the trial judge testified that by the use of the notes he made, the pleadings of the parties, and a conference of the attorneys for both litigants, such a statement of facts could be prepared. A statement of

facts thus prepared would have protected the appellant as to all assignments of error predicated upon an insufficiency of the evidence to support any issue submitted to the jury, or the finding made by the jury on any issue.

In 3 Tex.Jur. p. 638, par. 448, it is stated that: "An appellant who has been deprived of a statement of facts, material to his appeal, without fault or negligence of himself, or counsel, is entitled to a reversal of the judgment from which he has appealed. But a party is not entitled to such relief if he or his attorney has been negligent or at fault in the matter."

Such pronouncement of a wholesome rule is supported by Diamond Steel Highway Sign Co. v. Latham, Tex.Civ.App., 57 S. W.2d 937, writ dismissed, and Hall v. Kynerd, Tex.Civ.App., 97 S.W.2d 278, writ dismissed; in which last-mentioned case this is said (page 279): "It is first insisted the judgment should be reversed because upon this appeal appellant has been deprived of a statement of facts through the failure of the official court reporter to attend the hearing of August 5th, and take notes of the testimony offered as required by article 2324, R.S. The record shows no effort upon appellant's part to obtain a statement of facts independent of the reporter's notes or one made by the judge as is authorized by articles 2242, 2243, 2240, and 2280. In this condition of the record this matter presents no reversible error. Crenshaw v. Montague County (Tex.Civ.App.) 228 S.W. 569; Joachim v. Hamilton (Tex.Civ.App.) 186 S.W. 251; Honse v. Ford (Tex.Civ. App.) 258 S.W. 527."

In the instant case, appellant is content to rest his case solely upon the absence of and inability to obtain a statement of facts in question and answer form from the official court stenographer's notes.

We are of opinion that a litigant must go further and exhaust his efforts to secure his bills of exception and a fair statement of the facts adduced, and then show that he has been unable to protect himself on the appeal, after such diligence on his part, before the relief prayed for will be given him.

So far as the record discloses, the appellant has had a fair trial, and the failure on his part and that of his counsel to perfect the record, as pointed out above, makes it our duty to affirm the judgment of the trial court.

The former judgment rendered herein, and the opinion delivered, are set aside and withdrawn, and the judgment of the trial court is affirmed.