Luther KOONCE, Appellant,

v.

CITY OF MESQUITE, Appellee.

No. 13.

Court of Civil Appeals of Texas.

Tyler.

July 16, 1964.

Rehearing Denied Sept. 17, 1964.

See also, 343 S.W.2d 557.

Allen Melton, George M. Elliott, Dallas, for appellant.

B. Robert Baker, Saner, Jack, Sallinger & Nichols, Dallas, for appellee.

DUNAGAN, Chief Justice.

This suit was initiated by the Appellant and tried before a jury on December 11, 1961, in the 68th Judicial District Court of Dallas County, Texas. The jury rendered a verdict for the Defendant, Appellee, on December 14, 1961. This was followed by a motion for judgment on January 18, 1962, with judgment being rendered and signed on December 12, 1962, by the Honorable Paine L. Bush, Judge of the 68th Judicial District Court, after which the Appellant filed his motion for a new trial on December 21, 1962, and his amended motion for a new trial on January 10, 1963, whereupon by operation of law the amended motion for a new trial was overruled on February 25, 1963.

Shortly thereafter, in the early part of March, 1963, the court reporter, J. R. Mc-Atee, suffered a heart attack and after an extended illness of several months, died.

Thereafter on April 16, 1963, the last day the statement of facts was to be filed to perfect the appeal, the Appellant filed his first motion to extend the time within which to file a statement of facts. The District Court granted the motion and extended the time until April 26, 1963.

The Appellant filed numerous motions for extension of time in which to file his statement of facts, alleging that he was unable to obtain same due to the illness of the court reporter, each of which motion was granted, the last of which extended the time to February 12, 1964, on which

date the time for the filing of a statement of facts expired. No statement of facts has been filed.

Then, on February 14, 1964, Appellant filed his motion to defer submission of this cause or in the event an agreed statement of facts cannot be produced that the cause be remanded to the lower court for re-trial. The Court granted Appellant's motion and deferred the submission of this cause for 60 days, without taking any action on the motion to remand.

On April 16, 1964, Appellant filed his motion in the form of a letter requesting the Court to reverse and remand the case to the 68th Judicial District Court of Dallas County, Texas, for re-trial. Accompanying said letter was an affidavit from the Honorable Owen Giles, Judge of the 68th Judicial District Court of Dallas County, Texas, who was not the trial judge, wherein he stated:

"Judge Paine L. Bush, the duly elected and qualified Judge of the 68th Judicial District Court, tried this case and granted the judgment from which the present appeal was taken. The present Judge of the 68th Judicial District Court was duly elected, qualified and has served since January 1, 1963.

"The present Judge of the 68th Judicial District Court has no knowledge of the facts introduced in evidence on trial, and is unable to prepare a Statement of Facts covering the evidence introduced in the trial of the case, neither is this Court able to certify to any true Statement of Facts which might be filed in the Court of Civil Appeals, nor is this Court able to certify to a true Statement of Facts, or produce for filing a true Statement of Facts in this case for any purpose."

The record of this case does not show that any attempt was made by the Appellant to prepare a statement of facts and submit the same to Appellee or its counsel for approval; or that Appellant made any attempt to prepare a statement of facts and submit the same to the Judge who tried the case for his approval; or that there was a request made to the Honorable Judge Paine L. Bush, the Judge who tried the case, to prepare a statement of facts.

Rule 377, Texas Rules of Civil Procedure was adopted and made effective by the Supreme Court of this state on December 31, 1941. The rule, in substance, provides that a party may prepare a statement of facts and submit the same to the opposing counsel for his approval and if approved, then this becomes the statement on appeal, and if the parties are unable to agree or disagree on a statement of facts within 10 days, then the matter is submitted to and settled by the trial judge and the statement of facts, be by him, made to conform to the truth. The record here is silent on any effort on the part of the appellant to pursue his rights afforded by Rule 377, T.R.C.P.; and not having done so, he cannot now be said to be without fault or negligence in being deprived of a statement of facts, due to his inability to obtain a stenographer's statement of facts.

■ It is well settled, we think, that where an Appellant has been deprived of a statement of facts material to his appeal, without fault or negligence of himself or counsel, he is entitled to reversal of the judgment for which he appealed. But, we do not think the Appellant in the case at bar presents any such case. Joachim v. Hamilton, (Tex.Civ.App.) 1916, 186 S.W. 251, writ dismissed. In Vol. 3, Tex.Jur.2d, page 732, Section 487.

■ The effect to be given Rule 377, T.R.C.P. was first considered in Texas in the case of Crawford v. Crawford, (Tex. Civ.App.) 1944, 181 S.W.2d 992, writ dismissed. In the Crawford case as in the case before us, the Appellant's inability to obtain a court reporter's transcript of the statement of facts was due to the death of the court reporter. The Appellant attempted to comply with Rule 377 by submitting a proposed

statement of facts to the Appellee for his approval. They were unable to agree and subsequently, at the Appellant's request, the trial judge prepared a statement of facts. On appeal, the Court of Civil Appeals overruled the Appellant's contention that he was entitled to a statement of facts prepared by the court reporter, holding that the trial judge's statement sufficed. In a well-written opinion discussing the cases preceding Rule 377, and the effect of the new rule, the court in that case held as follows:

"This hiatus in the process of appeal, or rather restriction upon the methods of securing to litigants the right of appeal, resulted from a series of acts of the 42d Leg., which passed no less than three inconsistent acts upon the subject.

"The Supreme Court in due course bridged the hiatus and removed the restriction by adopting Rule 377, and incorporating therein the provision that in cases of disagreement among the parties upon the statement of facts the trial judge was given the power and it was made his duty to settle those differences by preparing and filing a statement of facts to 'be by him made to conform to the truth.' After all that may be said, that was done by the trial judge in this case. * * * she stands, simply, upon the bald contention that she was entitled to a complete question and answer transcript as a matter of absolute right, and for reversal because of its absence through no fault of her own. We overrule the contention."

The Court held also that an Appellant is not entitled to a new trial wherein the death of a court reporter has deprived him of the reporter's statement of facts, where the then and now existing Rule 377 provides alternative methods of obtaining a statement of facts; the court also held that the Judge's statement of facts prepared under Rule 377 will suffice.

In Johnson v. Brown, (Tex.Civ. App.) 1948, 218 S.W.2d 317, writ ref., n. r. e., the Crawford case was cited with approval. The case involved an appeal from a judgment wherein a special judge presided in the absence of the regular judge who was ill, and where the court reporter failed to take down the testimony offered. The Court of Civil Appeals in affirming the trial court's judgment states on page 320:

"Defendant argues that no statement of facts can be made up under Rule 377, Texas Rules of Civil Procedure, in the absence of a reporter's transcript of the evidence heard by the trial court, and he seeks in effect to have this court apply on this writ of error the holding made in Pacific Greyhound Lines [Inc.] v. Burgess, Tex.Civ.App., 118 S.W.2d 1100, which follows Victory v. Hamilton, 127 Tex. 203, 91 S.W.2d 697.

"We do not agree with this argument; Rule 377 is the governing Rule, but it authorizes the filing of a statement of facts made up by the party, or by the trial judge if the parties fail to agree, independently of a reporter's notes of testimony. The San Antonio Court so held in Crawford v. Crawford, Tex.Civ.App., 181 S.W.2d 992.

" * * * Being satisfied that the method exists, we decline to limit its availability (in the sense indicated) in the absence of any expressed limitation in the Rules. The majority in Crawford v. Crawford, after referring to the procedure in force under the statutes enacted in 1931 and to the apparent expression in Rule 377 of an intent to change this procedure, held that this alternative method of preparing a statement of facts applied even in a case where the reporter had taken notes of the testimony and the parties had been deprived of these notes by the reporter's death."

In the case of Harris v. Lebow, (Tex. Civ.App.) 1962, 363 S.W.2d 184, writ ref.,

n. r. e., the Dallas Court of Civil Appeals in affirming for the Appellee states on page 185: ·

"By his first point of error appellant contends that since the testimony was not recorded he has been deprived of a statement of facts without fault or negligence. The record contains a statement from the official court reporter to the effect that he did not report the testimony. It is generally true that an appealing party is entitled to a statement of facts in question and answer form and if, through no fault of his own, after the exercise of due diligence, he is unable to procure such a statement of facts, his right to have the cause reviewed on appeal can be preserved to him in no other way than by a retrial of the case. Victory v. Hamilton, 127 Tex. 203, 91 S.W.2d 697; Pacific Greyhound Lines v. Burgess, Tex.Civ.App., 118 S.W.2d 1100. However, appellant has failed to bring himself within this general rule of law and his first point must be overruled for several reasons.

"* * *

"* * * appellant made no effort to obtain a statement of the evidence as provided by Rule 377, Texas Rules of Civil Procedure. This rule authorizes the filing of a statement of facts made up by the party, or by the trial court if the parties fail to agree, independently of a court reporter's notes of the testimony. Crawford v. Crawford, Tex.Civ.App., 181 S.W.2d 992; 3 Tex. Jur.2d § 474, p. 721. The identical question now presented by appellant was raised in the case of Johnson v. Brown, Tex.Civ.App., 218 S.W.2d 317 and there decided adversely to appellant's contention here. The record here is silent as to any effort on the part of appellant to pursue his rights as afforded by Rule 377 T.R.C.P. and not having done so he cannot now be said to be without fault or neglect."

See Pruitt v. Blesi, (Tex.Civ.App.) 204 S.W. 714, 1918, writ refused; Hall v. Kynerd, (Tex.Civ.App.) 97 S.W.2d 278, 1936, writ dismissed; Joachim v. Hamilton, (Tex.Civ.App.) 186 S.W. 251, 1916, writ dismissed.

In the case at bar, Appellant rests his case solely upon the absence of and inability to obtain a statement of facts in question and answer form from the official court stenographer's notes and relies upon the case of Victory v. Hamilton, Supreme Court of Texas, 91 S.W.2d 697. In the case of McClure v. Miller (Tex.Civ.App.) 1938, 116 S.W.2d 470, Dism. agr., the court in disposing of Appellant's contentions that it was impossible for him to secure a statement of facts in question and answer form because of the whereabouts of the official court reporter who reported the proceedings of the trial court was unknown and that said court reporter was either dead or could not be located if alive, the court in disposing of this contention says on page 471, in distinguishing the case of Victory v. Hamilton, supra:

"Furthermore, it appears that no effort was made to prepare a statement of facts, although the trial judge testified that by the use of the notes he made, the pleadings of the parties, and a conference of the attorneys for both litigants, such a statement of facts could be prepared. A statement of facts thus prepared would have protected the appellant as to all assignments of error predicated upon an insufficiency of the evidence to support any issue submitted to the jury, or the finding made by the jury on any issue.

"* * *

"In the instant case, appellant is content to rest his case solely upon the absence of an inability to obtain a statement of facts in question and answer form from the official court stenographer's notes.

"We are of the opinion that a litigant must go further and exhaust his efforts to secure his bills of exception and a fair statement of the facts adduced, and then show that he has been unable to protect himself on the appeal, after such diligence on his part, before the relief prayed for will be given him."

In the case of Victory v. Hamilton, supra, the court had before it a question dealing with a situation wherein the court reporter died after the trial, which is the identical situation we have in the instant case. The Supreme Court in that case, basing their holding on the facts that as soon as a court reporter died, the attorneys for the party prosecuting the writ of error made diligent effort to have the notes transcribed by other shorthand writers and experts, but were unable to do so. The attorneys also made affidavits to the effect that they did not recall from memory the testimony of the witnesses or the substance thereof. The Appellant's motion was verified by affidavit showing due diligence of the attorneys and their inability to prepare a statement of facts and by an affidavit of the Honorable Sam R. Scott, the trial judge, in which he states, that if he were called upon to make out a certified statement of facts without the assistance of the transcript of the reporter's notes taken at the trial, he could not do so. The court held that this was due diligence on the part of the Appellants. No such diligence was shown by Appellant in the instant case.

The Appellant in the case at bar has filed an affidavit with this court given by the Honorable Owen Giles, Judge of the 68th Judicial District Court of Dallas County, Texas, having served in this capacity since January 1, 1963, having been duly elected at the general election immediately prior thereto, succeeding Judge Paine L. Bush, who did not seek re-election. Prior to that time, Judge Paine L. Bush presided over this court and was the presiding judge throughout the trial of this cause.

It is the settled law of this state that the judge who tried the case must approve the bill of exceptions and statement of facts in a case, even though his term of office may expire before he is called upon to do so, and that where his bill of exceptions and statement of facts are approved by his successor in office, and he is living and available they are not properly authenticated and cannot be considered as a part of the record. United Gas Pipe Line Co. v. Helscher, (Tex. Civ.App.) 1953, 259 S.W.2d 735, no writ history. C-R-C Law List Co. v. Rowe, (Tex.Civ.App.) 1918, 204 S.W. 781, no writ history; Henderson v. Soash, (Tex.Civ. App.) 1941, 157 S.W.2d 161, no writ history; Hudnall v. State, (Tex.Crim.App.) 1927, 296 S.W. 293.

■ The record before this court does not disclose the death of Judge Paine L. Bush, the trial judge, nor is any reason shown why he was not requested to make up an approved statement of facts. Thus, it can be seen that the affidavit of Judge Owen Giles is not sufficient and cannot be considered by this court as any evidence of diligence on the part of the Appellant to obtain a statement of facts.

■ The Appellant in the instant case is further precluded due to the fact that he has attempted to raise a failure to obtain a statement of facts for the first time on appeal. In 3 Tex.Jur.2d, Sec. 487, p. 733, is the following:

"It has been held that the failure to obtain a statement of facts must be assigned as error, and presented by a bill of exceptions. It will not be considered when presented only by a motion for reversal filed in the appellate court and based on affidavits setting out the facts."

A rather recent Texas Civil Appeals decision in point is the case of Harris v. Lebow, supra, which held:

"In the first place the failure to obtain a statement of facts was not assigned as error in appellant's motion for a new trial. The first complaint of ap-

pellant for failure to have a statement of facts is contained in an alleged 'exception' filed long after the order of the court overruling appellant's motion for new trial. It has been held that the failure to obtain a statement of facts must be assigned as error and will not be considered when presented only for the first time in the appellate court. 3 Tex.Jur.2d § 487, p. 732; Reagan v. Copeland, 78 Tex. 551, 14 S.W. 1031; Ennis Mercantile Co. v. Wathen, 93 Tex. 622, 57 S.W. 946."

■ So far as the record discloses, there are no fundamental errors, the Appellant has had a fair trial, and the failure on his part and that of his counsel to perfect the record as pointed out above, makes it our duty to affirm the judgment of the trial court. McClure v. Miller, supra.

The trial court's judgment is affirmed.

## ON MOTION FOR REHEARING

The Appellant has filed his Motion for Rehearing, complaining of our holding that he had not shown diligence in obtaining a Statement of Facts and that the failure to obtain a Statement of Facts must be assigned as error and presented by a Bill of Exception. After careful consideration of Appellant's Motion for Rehearing, we remain convinced of the correctness of our previous holding. As additional authority on the point that the failure to obtain a Statement of Facts must be presented by a Bill of Exception and assigned as error, we cite the case of Comer v. Farrell, (Tex.Civ. App.) 1931, 45 S.W.2d 432, no writ history, wherein the Court said:

"On October 3, 1931, we overruled appellants' motion to reverse and remand, based upon the ground that, without their fault, they had been deprived of a full and complete statement of all the facts proven on the trial below. The question was presented by motion simply, supported alone by affidavits, as no bill of exception was reserved to the action of the court approving the incomplete statement, nor did they assign error thereon. In overruling the motion to reverse and remand on the ground presented, we followed the well-established rule that, to entitle a litigant to a reversal, under the circumstances, the action of the court complained of should have been made a part of the record by bill of exception, and assigned as error. The rule governing such a situation is announced in 3 Tex.Jur. p. 641, as follows: 'To entitle a party to a reversal in any event the failure of the judge to approve the statement presented to him or to prepare one himself must be shown by the record, and must be assigned as error. The matter must be presented by a bill of exceptions, and will not be considered when presented only by a motion for reversal filed in the appellate court, accompanied by affidavits setting out the facts.' This doctrine is fully sustained by the decisions, and we think the principle announced is applicable to and rules the question under consideration."

See Ludtke v. Warren, (Tex.Civ.App.) 1926, 285 S.W. 339, no writ history; Rankin v. Nash-Texas Co., (Tex.Civ.App.) 58 S.W. 2d 902, no writ history.

■ In the case of Ennis Mercantile Co. v. Wathen, supra, the Supreme Court said:

"* * * Authority to inquire into the existence of facts not contained in the record is conferred upon the courts of civil appeals by article 998 (now article 1822), which reads as follows: 'The said courts shall have power, upon affidavit or otherwise as by the courts may be thought proper, to ascertain such matters of fact as may be necessary to the proper exercise of their jurisdiction.' This article restricts the power of the courts of civil appeals to inquire into matters of fact not appear-

ing in the record to such as affect its jurisdiction. * * *"

This case has been followed and quoted with approval in Applebaum v. Bass, (Tex. Civ.App.) 1908, 113 S.W. 173, no writ history; Rush v. J. E. Thompson & Company, (Tex.Civ.App.) 1908, 113 S.W. 546, no writ history.

 There is another reason which was not discussed in the original opinion that we think supports the Court's decision in affirming this case. This case was appealed from the 68th District Court of Dallas County. The Transcript was filed in the office of the Clerk of the Court of Civil Appeals, at Dallas on April 25, 1963, and thereafter the case was transferred to this Court. Submission of the case and oral argument was set for July 9, 1964, in this Court, and due notice given to each of the parties. The Appellant failed to file a Brief herein, or to appear on the date of submission. The Appellee's attorney appeared in person on the date this case was set for submission, waived oral argument, and filed a Brief on behalf of Appellee. On February 18, 1964, Appellee filed its Motion to Affirm the Judgment of the Trial Court. Under this situation, pursuant to Rule 416 of the Rules of Civil Procedure, this Court is authorized to regard the Appellee's Brief as a correct presentation of the case. As presented in the Appellee's Brief, the Trial Court's judgment should be affirmed. Temple Grain & Hay Company, Inc., v. Throckmorton Mill & Elevator Company, Inc., (Tex.Civ.App.) 1959, 320 S.W.2d 892, no writ history; Federal Underwriters Exchange v. Husted, (Tex.Civ.App.) 1936, 94 S.W.2d 540, writ dismissed; Longoria v. Liddell, (Tex.Civ.App.) 1937, 101 S.W.2d 845, no writ history; Guaranty Old Line Life Ins. Co. v. Leonard, (Tex.Civ.App.) 1937, 109 S.W.2d 1091, no writ history; Beckmann v. Beckmann, (Tex.Civ.App.) 1939, 122 S.W.2d 1117, writ dismissed; Bute v. Ruland, (Tex.Civ.App.) 1942, 158 S.W.2d 854, no writ history; Meacham v. Lyles,

(Tex.Civ.App.) 1947, 206 S.W.2d 881, writ refused, n. r. e.

Remaining convinced under the record before us that this case was correctly disposed of in our original opinion, we respectfully overrule Appellant's Motion for Rehearing.